Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Central Transport International, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY a/s/o GENTEX CORPORATION<br><br>Plaintiff,<br><br>-against-<br><br>CENTRAL TRANSPORT, INC.<br><br>Defendants. | ECF CASE<br><br>NO.: 07-CV-7930(GBD)<br><br>**NOTICE OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3) OR, IN THE ALTERNATIVE, FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 12(b)(3), defendant Central Transport International, Inc. ("CTI) moves this Court for an Order dismissing this action, without prejudice, due to improper venue. In the alternative, CTI moves this Court to transfer venue to the U.S. District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404. In support of this motion, the Defendant states the following:

1. Plaintiff's Complaint seeks to recover for the alleged damage to freight transported by CTI from Zeeland, Michigan to San Diego, California.

2. CTI, an interstate motor carrier based in Michigan and subject to the jurisdiction of the United States Surface Transportation Board ("STB"), transported the subject freight pursuant to a Broker/Carrier Agreement ("the Contract") which it had previously entered into with Universal Traffic Service ("UTS"), a freight broker, also based in Michigan.

3. The Contract contains a valid forum selection clause which requires that any disputes under the Contract are "to be submitted to the jurisdiction of the federal or state courts in Kent County, Michigan for adjudication."

4. Plaintiff's complaint makes no averment with respect to venue.

5. Enforcement of the forum selection clause in the Contract requires dismissal of Plaintiff's complaint without prejudice.

6. In the alternative, this action should be transferred to the United States District Court for the Western District of Michigan for the convenience of witnesses and in the interests of justice.

7. The underlying action arises from the commercial transportation of freight from Michigan to California, pursuant to a contract between two corporations with their principal place of business in Michigan.

8. There is no nexus of any of the operative facts to this jurisdiction, nor are there any witnesses for any party or non-party located in this jurisdiction. Virtually all witnesses with any knowledge of the facts determinative of this case are in the Western District of Michigan.

**WHEREFORE**, defendant moves to dismiss this action without prejudice, or in the alternative, to transfer this action to the Western District of Michigan.

Dated:   New York, New York
         November 2, 2007

By: /s/ Barry Gutterman
Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

OF COUNSEL:

Charles L. Howard, Esq.
Keenan Cohen & Howard, P.C.
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA  19046
(215) 609-1110 (phone)
(215) 609-1117 (fax)

Attorneys for Defendant
Central Transport International, Inc.

To:   Daniel G. McDermott (DM-3449)
      McDermott & Radzik, LLP
      Wall Street Plaza
      88 Pine Street
      New York, New York 10005-1801
      (212) 376-6400 (phone)

      Attorneys for Plaintiff

CT-2807 Notice of Motion