Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Central Transport International, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY a/s/o GENTEX CORPORATION | **ECF CASE** |
| Plaintiff, | NO.: 07-CV-7930 (GBD) |
| -against- | **DEFENDANT CENTRAL TRANSPORT INTERNATIONAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)** |
| CENTRAL TRANSPORT, INC. | |
| Defendants. | |

Defendant Central Transport International, Inc. ("CTI")[1] hereby submits this

Memorandum of Law in support of its motion to dismiss Plaintiff's Complaint pursuant to Fed.

R. Civ. P. 12(b)(3) or, in the alternative, to transfer venue to the United States District Court for

the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

## <u>INTRODUCTION</u>

Plaintiff American Home Assurance Company ("AHAC") filed this lawsuit in this

judicial district for alleged damage to freight shipped by an insured of AHAC, Gentex

---

[1] Defendant's proper name is "Central Transport International, Inc.", and not "Central Transport, Inc." as alleged by plaintiff in its complaint.

Corporation ("Gentex" or "AHAC's insured").  The damage to the freight allegedly occurred while it was being transported by CTI, which is an interstate motor carrier subject to the jurisdiction of the United States Surface Transportation Board ("STB").

AHAC's Complaint alleges four causes of action.  The first cause of action is a freight loss and damage claim pursuant to 49 U.S.C. § 14706 ("the Carmack Amendment") for damage to Gentex' freight.  The second cause of action is a claim for damage to Gentex' freight based on an alleged breach of a bailment contract.  The third cause of action alleges that CTI negligently handled AHAC's insured's freight thereby causing damage to that freight.[2]  The fourth cause of action is for breach of a settlement agreement which AHAC alleges it entered into with CTI concerning the aforementioned freight loss and damage claim.

All four of AHAC's causes of action arise from the transportation services which CTI provided to Gentex and which were governed by a contract to which CTI and Universal Traffic Service ("UTS") are parties ("the Contract").  UTS is a freight broker which arranges for the transportation of property on behalf of its customer shippers such as Gentex.  The transportation of the freight at issue in this case was tendered by UTS (on behalf of its customer Gentex) to CTI for transportation from Michigan to California, pursuant to the Contract between them.

The Contract contains a forum selection clause which provides that "any dispute under this agreement shall be submitted to the jurisdiction of the federal or state courts in Kent County, Michigan."  For the reasons discussed more fully below, this Court must enforce the forum

---

[2]    Plaintiff's second and third causes of action both seek damages related to the freight which is the subject of plaintiff's first cause of action.  The second and third causes of action are based on state law contract and negligence theories and are, therefore, preempted by the Carmack Amendment.  See, e.g., *Southeastern Express Co. v. Pasttime Amusement Co.*, 229 U.S. 28, 29 (1936).  Once proper venue of this action is determined, CTI will move, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of both the second and third causes of action on preemption grounds.

selection clause contained in the contract which governed the shipment of Gentex' freight and, accordingly, dismiss this action for improper venue.

In the alternative, this Court should transfer venue to the United States District Court for the Western District of Michigan for the convenience of the witnesses and parties and in the interests of justice.

## STATEMENT OF RELEVANT FACTS

CTI operates as an interstate motor carrier providing transportation services.

CTI is a party to a Broker/Carrier Agreement ("the Contract") which is currently in effect and has been in effect since on or about July 15, 1998. The other party to the Contract is Universal Traffic Service ("UTS"). A true and correct copy of the Contract, from which confidential and proprietary pricing schedules have been withheld, is attached hereto as Exhibit 1.

UTS operates as a freight broker, and arranges for the transportation of freight by motor carrier on behalf of shipper customers and/or consignee customers. See Affidavit, Exhibit 2.

The Contract governs the transportation of certain freight transported by CTI at the request of UTS on behalf of UTS' customers. See Affidavit, Exhibit 2.

On or about May 25, 2006, certain freight ("the Freight") was transported by CTI pursuant to bill of lading 495-288534-1, dated May 25, 2006, from Zeeland Michigan to San Diego, California. Complaint at ¶ 10. The Freight was tendered to CTI by UTS on behalf of its customer Gentex. The movement of the Freight was subject to the terms and conditions of the Contract. See Affidavit, Exhibit 2.

A claim ("the Claim") for alleged damage to the Freight was made with CTI. The Claim was disputed and CTI engaged in negotiations in an unsuccessful attempt to settle the Claim.

The Claim relates to the movement of the Freight which is governed by the terms of the Contract.  See Affidavit, Exhibit 2.

## ARGUMENT

In *M/V Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907 (1972), the Supreme Court of the United States held that forum selection clauses are enforceable, absent "fraud, undue influence, or overweening bargaining power."  <u>Id</u>. at 13.  The United States Court of Appeals for the Second Circuit held, in *Jones v. Weibrecht*, 901 F.2d 17 (2d Cir. 1990), that <u>Bremen</u> governs the enforceability of forum selection clauses in diversity and federal question cases as well.[3] *Technology Express, Inc., v .FTF Business Systems Corp.*, 2000 U.S. Dist. LEXIS 2006, *5 (February 28, 2000, S.D. N.Y.); <u>see also</u> *GMAC Comm'l Credit, LLC, v. Dillard Department Stores, Inc.*, 198 F.R.D. 402, 408 (S.D.N.Y. 2001)

Dismissal of plaintiff's complaint would be entirely appropriate under <u>Bremen</u> and its progeny in this instance in light of the existence of a valid forum selection clause which appears in the Contract that governs the shipment at issue.  *GMAC Comm'l Credit, LLC, v. Dillard Department Stores, Inc.*, 198 F.R.D. at 408.  This Court could also transfer venue pursuant to 28 U.S.C. § 1404(a).  <u>Id</u>., at 408 – 409.  Determining whether to dismiss or to transfer "depends upon which remedy is most consistent with the forum selection clause at issue."  <u>Id.</u>, at 409.

In this instance, transfer of venue pursuant to § 1404(a) would result in the case being transferred to the federal judicial district in which Kent County, Michigan is located, thereby depriving plaintiff of its right under the forum selection clause to bring suit in either state or

---

[3]     Here, plaintiff alleges that federal subject matter jurisdiction exists under 28 U.S.C. § 1337, thus establishing federal question jurisdiction.

federal court in Kent County, Michigan.[4] <u>Id</u>., at 409.  Accordingly, the Court should dismiss

plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(3) and in accordance with the holding in

<u>Bremen</u>, without prejudice to refiling its complaint in either the state courts of Kent County,

Michigan or the United States District Court of Western Michigan.  <u>Id</u>.

### FOR THE CONVENIENCE OF THE PARTIES, NUMEROUS NON-PARTY WITNESSES, AND IN THE INTEREST OF JUSTICE, THIS COURT SHOULD TRANSFER VENUE TO THE WESTERN DISTRICT OF MICHIGAN PURSUANT TO 28 U.S.C. § 1404(a)

Title 28, Section 1404(a) of the United States Code provides in pertinent part:

> For the convenience of the parties and witnesses, in the interest
> of justice, a district court may transfer any civil action to any
> other district or division where it might have been brought.

28 U.S.C. § 1404 (a)

The provisions of 28 U.S.C. § 1404 (a) are more than simply a codification of the

common law doctrine of *forum non conveniens*.  The statute permits transfer of venue upon

lesser showing of inconvenience than would be required under common law doctrine and permits

District Courts to exercise broader discretion in transferring a case under this statute than would

be permitted under common law *forum non conveniens* doctrine. *Piper Aircraft Co. v. Reyno*,

454 U.S. 235, 253, 102 S.Ct. 252, 265 (1981).

To transfer an action pursuant to 28 U.S.C. § 1404(a), the following requirements must

be met: (1) the action could have been brought in the transferee district court; and (2) a transfer

serves the interest of justice and the convenience of the witnesses and parties.  As discussed

more fully below, both requirements are overwhelmingly satisfied in this case.  The underlying

case is premised upon a transportation contract between two corporations located in Michigan, to

---

[4]    Kent County, Michigan, is located in the judicial district of the Western District of
Michigan.  28 U.S.C. § 102(b)(1).

transport freight owned by a third corporation located in Michigan, from a point of origin in Michigan to a destination in California.

A.    **Transfer to the Western District of Michigan Would be More Convenient for the Witnesses and the Parties and Would Serve the Interest of Justice.**

Before addressing the specific factors which this Court must consider when determining whether transfer would be more convenient for witnesses and the parties, CTI would initially note that, in order to establish a *prima facie* claim for damage to freight under the Carmack Amendment, the plaintiffs will have to prove (1) that the freight was in good condition at the point of origin, (2) that it was in damaged condition at the point of destination, and (3) its damages. *Missouri P. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S.Ct. 1142, 1145 (1964); *Sec. Ins. Co. v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 81 (2d Cir. 2004); *see also  Am. Pac. Enters., LLC v. Celadon Trucking Servs., Inc.*, 2006 U.S. Dist. LEXIS 55236, *8 (S.D.N.Y. August 9, 2006).

In determining whether transfer is warranted "for the convenience of the parties and witnesses and in the interest of justice" under § 1404(a), courts consider several factors which include: (1) the plaintiffs choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties. [5]  *D.H. Blair & Co., Inc. v. Gottdiener,*

---

[5]    Some courts have identified the "forum's familiarity with the governing law" as a factor to be considered when resolving a transfer motion. *Gerling Am. Ins. Co. v. FMC Corp.*, 1998 U.S. Dist. LEXIS 11080, *13 (S.D.N.Y. 1998).  This is an important factor in cases where application of the substantive law requires a choice of law analysis. *Id.*  Here, the governing law is the Carmack Amendment, which is federal law.  This factor should, therefore, not be part of the Court's analysis.

462 F. 3d 95, 106-07 (2nd Cir. 2006). "These factors do not comprise an exclusive list, nor are they to be applied in a mechanical or formulaic manner. Rather, they, and any other factors peculiar to the particular case in question, serve as guideposts to the court's informed exercise of discretion." *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002).

### 1.    Convenience of Witnesses

The convenience of both party and non-party witnesses is considered the most important factor in the analysis of whether a transfer should be granted.  *Nieves v. American Airlines*, 700 F. Supp. 769, 772 (S.D.N.Y. 1988).  In this case, the witnesses and documentation relevant to the determination of the condition of the freight at origin, at destination, and the amount of damages are located either in Zeeland, Michigan [6] or San Diego, California, which was the destination of the freight.

Furthermore, there is **no nexus with New York as the freight did not even pass through or anywhere close to New York**.  The only apparent connection to New York is that AHAC, an insurer for one party, maintains a place of business in New York, and AHAC's's counsel is located in New York.  Accordingly, this factor heavily weighs in favor of transfer to the Western District of Michigan.

### 2.    The Plaintiff's Choice of Forum

Although the plaintiff's initial choice of forum is ordinarily "accorded a great weight," application of 28 U.S.C. § 1404(a) results in mere transfer and not dismissal of the action, and, therefore, "the plaintiff's choice of forum is not accorded any great significance in the analysis." *Gerling Am. Ins. Co. v. FMC Corp.*, 1998 U.S. Dist. LEXIS 11080, *14 (S.D.N.Y. 1998).

---

[6]      Zeeland, Michigan is located in Ottawa County, Michigan.  Ottawa County is within the judicial district of the Western District of Michigan.  28 U.S.C. § (b)(1).

Moreover, plaintiffs' choice of forum should be given "reduced emphasis" when "the operative facts upon which the litigation is brought bear little material connection to the chosen forum." *Nieves*, 700 F. Supp. at 772.  This factor weighs heavily in favor of transfer.

### 3.    The Convenience of the Parties

AHAC is a New York corporation with its principal place of business located in New York.   CTI is a Michigan corporation with its principal place of business in Warren, Michigan. UTS, the broker which placed the freight with CTI and is in privity of contract with CTI is also a Michigan corporation with its principal place of business in Zeeland, Michigan.  Gentex, the alleged owner of the freight, is also a corporation based in Michigan.  This factor weighs in favor of transfer to Michigan.

### 4.    The Location of Relevant Documents

The manufacture, loading, and initial transportation of the freight occurred in Zeeland, Michigan.  Accordingly, many, if not all, necessary witnesses and documents which pertain to this shipment are located in Michigan.  This factor weighs heavily in favor of transfer of venue to Michigan.

### 5.    The Locus of Operative Facts

The locus of operative facts with respect to the condition of the freight at origin and perhaps at destination, would be found in the State of Michigan, where the freight at issue was manufactured, inspected and loaded for transportation to California.  Moreover, there is no location in the Southern District of New York where any "operative facts" occurred. *See, e.g., Royal Ins. Co. of America v. U.S.A.*, 998 F. Supp. 351, 353-54 (S.D. N.Y. 1998)("The weight accorded to a plaintiff's choice of venue is significantly diminished, however, where the

operative facts have no connection to the chosen district.").  This factor weighs heavily in favor of transfer to the Northern District of Georgia.

### 6.    Availability of Process to Compel the Attendance of Unwilling Witnesses

The ability of this Court to compel attendance of non-party witnesses is an important factor in the Court's consideration.  *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991).  In the event that non-party witnesses' testimony would be required at trial, it is highly probable that such non-party witnesses would be located in western Michigan and may be unwilling to travel to New York to testify at trial.  This would hamper the parties' ability to effectively present their respective cases.  If the case is transferred to Michigan, however, the Court in Michigan would have the ability to compel the attendance of the unwilling witnesses who reside within the district or within 100 miles of the district under Fed. R. Civ. P. 45(b)(2). *See Royal Ins. Co. of America v. U.S.A.*, 998 F. Supp. 351, 354 (S.D. N.Y. 1998)("While it would be possible to introduce at trial *de bene esse* depositions of these witnesses, perhaps taken by videotape, such a procedure is a poor substitute for live testimony").  Conversely, it is highly unlikely that there are any non-party witnesses who reside within 100 miles of the courthouse in the Southern District of New York.  Accordingly, since most of the non-party witnesses probably reside within the Western District of Michigan, this factor weighs in favor of transfer to Georgia.

### 7.    The Relative Means of the Parties

Where a disparity between the parties exists, the court may also consider the relative means of the parties in determining whether or not to transfer.  *Hernandez v. Graebel Van Lines*, 761 F. Supp. at 989.  In this case, the parties are large corporations.  There is no obvious disparity.  No showing can be made that litigating this matter in Michigan would impose any undue hardship on any party.

## CONCLUSION

For all of the foregoing reasons, this Court must dismiss plaintiff's Complaint without

prejudice.  In the alternative, this Court should transfer venue to the Western District of

Michigan.

Dated:    New York, New York
          November 2, 2007

                                        By: /s/ Barry Gutterman
                                        Barry N. Gutterman, Esq. (BG6410)
                                        Robert Briere, Esq. (RB6080)
                                        Barry N. Gutterman & Associates, P.C.
                                        60 East 42nd Street, 46th Floor
                                        New York, New York 10165
                                        (212) 983-1466

                                        OF COUNSEL:

                                        Charles L. Howard, Esq.
                                        Keenan Cohen & Howard, P.C.
                                        One Pitcairn Place, Suite 2400
                                        165 Township Line Road
                                        Jenkintown, PA  19046
                                        (215) 609-1110 (phone)
                                        (215) 609-1117 (fax)

                                        Attorneys for Defendant
                                        Central Transport International, Inc.

To:    Daniel G. McDermott (DM-3449)
       McDermott & Radzik, LLP
       Wall Street Plaza
       88 Pine Street
       New York, New York 10005-1801
       (212) 376-6400 (phone)

       Attorneys for Plaintiff

CT-2807 MOL

10