UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY
a/s/o GENTEX CORPORATION,

                                Plaintiff,

           -against-

CENTRAL TRANSPORT, INC.,

                              Defendant.

-------------------------------------------------------------X

**ECF CASE**

**AFFIRMATION OF
DANIEL G. McDERMOTT**

07 CIV. 7930 (GBD)

        DANIEL G. McDERMOTT, duly admitted to practice law before the Courts of this State and this Honorable Court, affirms that the following statements are true:

1.     I am a member of the firm of McDermott & Radzik, LLP., attorneys for plaintiff American Home Assurance Company ("AHAC") and have been handling this matter since receipt of the file from our client in July 2007.

2.     I am fully familiar with all of the pleadings and proceedings herein and respectfully submit this affirmation in opposition to defendant Central Transport International, Inc.'s ("CTI") motion to dismiss the action due to improper venue or alternatively, to transfer the case to Michigan.

3.     This is an action for damage to used machinery during interstate truck transportation. AHAC calculated the depreciated value of the used machinery and paid Gentex Corp. $112,499.38, after application of a $10,000.00 deductible (Exhibit "A"). The Complaint also seeks damages for breach of an agreed settlement of the underlying cargo claim in the amount of $80,000.00.

4.    CTI's motion should be denied in its entirety because of defendant's distorted representation of the facts and circumstances of the litigation.

5.    Defendant's primary contention is that its Broker/Carrier Agreement ("the Contract") with non-party Universal Traffic Service ("UTS") mandated suit in Michigan.  CTI's baseless position is set forth in paragraph 3 of its Notice of Motion which states:

> The Contract contains a valid forum selection clause which requires that any disputes under the Contract are "to be submitted to the jurisdiction of the federal or state courts in Kent County, Michigan for adjudication".

CTI's Memorandum of Law, as well as the Affidavit of Jan Conflitti, repeatedly emphasize the Contract's purported forum clause.

6.    Yet CTI fails to mention the 9th paragraph of the Contract which provides in relevant part:

> Claims on shortages or damaged freight may be handled by UTS (from an administrative standpoint only, as a service to its client) or directly with the shipper customer, and will be independent of this agreement… (Emphasis added)

and CTI inexplicably excerpts only a selected portion of the Contract's last paragraph which states in full:

> Controlling Law:  Except as provided in paragraph re:  claims, damages and shortages, this agreement shall be governed by the laws of the State of Michigan, without giving effect to the principles of conflict of law thereof, and any dispute under this agreement shall be submitted to the jurisdiction of the federal or state courts in Kent County, Michigan for adjudication. (Emphasis added)

7.    The Contract's forum selection language clearly and specifically excludes its applicability to cargo damage claims, a fact conveyed to CTI's Corporate Counsel by my

correspondence of October 4, 2007 (Exhibit "B"). CTI's clever editing cannot conceal the actual meaning of the Contract's final paragraph.

8. Defendant's fallback position for transfer is that, "There is no nexus of any of the operative facts to this jurisdiction, nor are there any witnesses for any party or non-party located in this jurisdiction". (Paragraph 8, Notice of Motion.) This statement is simply false.

9. CTI conspicuously overlooks the fact that the underlying cargo claim was negotiated, settled and confirmed in writing by the undersigned in New York and the settlement was authorized and approved by James Nasso, plaintiff's Subrogation Manager who is located at 175 Water Street, New York, New York 10038. (Exhibit "C")

10. This firm was retained by plaintiff on July 16, 2007 to pursue subrogation and on the same day I wrote defendant advising of our involvement. (Exhibit "D")

11. On July 19, 2007, CTI's Dave Rigelhof called me to advise that a settlement offer of $50,000.00 was previously tendered to plaintiff in New York on May 23, 2007 by CTI's Claims Manager, Jeffrey Cackowksi. I responded to Mr. Rigelhof by letter of July 20, 2007 (Exhibit "E") rejecting the $50,000.000 offer and countered with a $100,000.00 demand.

12. On July 31, 2007, I spoke with Mr. Rigelhof by telephone and we negotiated an $80,000.00 settlement as reflected in my handwritten, contemporaneous notes on Exhibit "E". Mr. Nasso approved the figure and Mr. Rigelhof called back and confirmed that his "boss" authorized the $80,000.00 settlement. Later that day, I memorialized the settlement in writing to CTI (Exhibit "F").

13.    On August 15, 2007 (Exhibit "G"), I followed up for the settlement funds and then spoke with Mr. Rigelhof who told me the settlement check "would be mailed on Tuesday", presumably August 19, 2007.

14.    When the settlement check wasn't received by August 30, 2007, I again wrote Mr. Rigelhof (Exhibit "H").  Receiving no response, I called CTI on September 5, 2007 and was told that the matter was with the "legal department" without further explanation.

15.    It became evident to me that we were being misled by CTI and accordingly this suit was filed on September 10, 2007.

16.    Interestingly, CTI barely mentions the breach of agreed settlement cause of action in its motion and most importantly does not deny the settlement reached between plaintiff and defendant.

17.    With respect to the underlying cargo claim, it must be noted that although the transportation originated in Michigan, the damage to the used machinery was discovered by the consignee, Autosplice, Inc. at delivery in San Diego, California which subsequently prepared a replacement Quote (Exhibit "I").

18.    King Marine Surveying Co., Inc. of Thousand Oaks, California by Mr. Gary King surveyed the damaged cargo at the San Diego premises of Autosplice, Inc. to determine the nature, cause and extent of the damaged machinery.  Mr. King eventually determined that the damaged cargo was a total loss with little or no salvage value and assisted in calculating the depreciated value of the used machinery to be $122,499.00 prior to the loss.

WHEREFORE, it is respectfully requested that this Court deny defendant's motion in its entirety.

Dated: New York, New York
       November 20, 2007

_____
Daniel G. McDermott

# SUBROGATION RECEIPT

Claim No. 0069567-A                                                    Date: 02/09/2007

Received from American Home Assurance Company the sum of One hundred twelve thousand four hundred and ninety nine dollars and 38/100 ($112,499.38) in full settlement of our claim under Policy Number 87854 issued by the said Insurance Company, for damage to and loss of the property as described below, shipped on board RTWB495-288534-1 sailing from ZEELAND, MI to SAN DIEGO, CA ; on or about 05/25/2006

In consideration of this payment, we hereby guarantee that we are the persons entitled to enforce the terms of the contracts of transportation set forth in the bills of lading covering the said property; and we agree that the said Insurance Company is subrogated to all of our rights of recovery on account of any and all such loss or damage from the carriers and from any other vessels, persons or corporations that may be liable therefor, including municipal corporations and governments, and we agree to assist the said Insurance Company in effecting such recovery; and we hereby authorize the said Insurance Company in effecting such recovery; and we hereby authorize the said Insurance Company to file claims and begin suit against any such carrier, vessel, person, corporation or government in our names, and we hereby appoint the officers and agents of said Insurance Company and their successors, severally, our agents and attorneys in fact, with irrevocable power to collect any and all such claims and to begin, prosecute, compromise or withdraw, either in our name or in the name of said Insurance Company, but at the expense of said Insurance Company, any and all legal proceedings which they may deem necessary to enforce such claim or claims, including proceedings before any international tribunal, and to execute in our names any documents which may be necessary to carry into effect the purpose of this agreement. We further agree to execute any documents which may be necessary to enable the said Insurance Company to proceed in accordance herewith, including any and all pleadings and releases which said Insurance Company may request us to execute; and we agree that any moneys collected from any such carrier, vessel, person, corporation or government, whether received in the first instance by the undersigned or by the said Insurance Company, shall be the property of said Insurance Company.

The payment receipted for herein is accepted with the understanding that said payment shall not inure to the benefit of any carrier under the provisions of any contract of carriage or otherwise; that in making the payment the said Insurance Company does not waive any rights by subrogation or otherwise against any carrier or bailee; and that the acceptance of this receipt shall not prejudice or take away any such rights or remedies which the said Insurance Company would otherwise have by virtue of such payment.

Co_____

By: _____

Title: Vice President - Finance and Treasurer

Date: February 16, 2007

**DESCRIPTION OF PROPERTY:**
MACHINERY

SS: RTWB495-288534-1
B/L#: 495-288534-1
VOYAGE: ZEELAND, MI TO SAN DIEGO, CA

**CAUSE AND APPROXIMATE
DATE OF LOSS:**
MACHINERY DAMAGED IN TRANSIT
05/

AJ MARINE ADJUSTERS, INC.

MAR 8 - 2007

RECEIVED

To: Jim Nass
From: Selma Ho

EXHIBIT
A

# McDermott & Radzik, LLP

### WALL STREET PLAZA
### 88 PINE STREET
### NEW YORK, NEW YORK 10005-1801

TELEPHONE (212) 376-6400
TELECOPIER (212) 376-6490
E-MAIL: FIRM@MCDERMOTTRADZIK.COM

October 4, 2007

*VIA FACSIMILE 586-755-3238*

Willard J. Lindley, Esq.
Central Transport International, Inc.
12225 Stephens Road
Warren, MI 48089

> RE:  *American Home Assurance Co. a/s/o*
> *Gentex Corp. v. Central Transport*
> *07 CIV 7930 (GBD)*
> *Central Ref.: 616080*
> *Our File: 7-07-7049 DGM/JJR*

Dear Will:

Thanks for providing us with the "Universal Traffic Service Broker/Carrier Agreement". After studying the Agreement, we note that it is inapplicable to cargo claims as it explicitly provides:

> Claims on shortages or damaged freight may be handled by UTS
> (...) or directly with the shipper customer, and will be independent
> of this agreement.

Thus, the venue clause is both inapplicable and unenforceable as the Carmack Amendment governs this shipment.

At this juncture, we can file an Amended Complaint adding Central Transport International, Inc. ("International") as a defendant or alternatively, stipulate to substitute "International" as the proper defendant.

These issues will become moot if your client simply pays the agreed settlement of $80,000.00.

Please give me a call to discuss resolving the case.

EXHIBIT
B

Williard J. Lindley, Esq.
October 4, 2007
Page 2
. . . . . . . . . .

Thanks and regards,

Very truly yours,

McDermott & Radzik, LLP

By:

Daniel G. McDermott

DGM/hs

**LOSS AND/OR DAMAGE CLAIM**

**A I MARINE ADJUSTERS, INC.**
**MARINE RECOVERY DEPARTMENT**

**175 Water Street**
**15th Floor**
**New York, New York 10038**

**Telephone No. 212/458- 6528**

02/07/2007

Central Transport

Attn: Jeff Cackowski

FOLD

| CLAIM NUMBER | VESSEL/CONVEYANCE | B/L NUMBER | B/L DATE |
|---|---|---|---|
| 0069567-A | RTWB495-288534-1,Rail/Trucking | 495-288534-1 | 05/25/2006 |
| VOYAGE | | INTEREST | |
| ZEELAND, MI,USA To SAN DIEGO, CA,USA | | Machinary | |

We enclose, herewith, documents substantiating our claim as detailed below filed on behalf of cargo owners and/or their underwriters. Please acknowledge receipt of our claim and in any correspondence kindly make reference to our claim number.

**PLEASE DRAW SETTLEMENT CHECK TO THE ORDER OF: A I Marine Adjusters in the amount of $122,499.00** for loss to our insured's cargo while in your care and control. The lossis based on the value as noted within the documents. Kindly acknowledge this claim within 10 days.

FOLD

**ENCLOSURES:**
☒ **Bill of Lading**
☒ **Commercial Inv.**
☒ **Packing List**
☐ **Delivery Receipt**
☐ **Subrogation Receipt**
☐ **Survey Report**
☒ **Inspection report/damage delivery receipt.**

Jim Nasso

AI Marine Adjusters, Inc.

EXHIBIT
C

# McDERMOTT & RADZIK, LLP

WALL STREET PLAZA
88 PINE STREET
NEW YORK, NEW YORK 10005-1801

TELEPHONE (212) 376-6400
TELECOPIER (212) 376-6490
E-MAIL: FIRM@MCDERMOTTRADZIK.COM

July 16, 2007



**VIA MAIL AND FACSIMILE:** (*1 page*) 586-755-6421

Central Transport International
12225 Stephens Road
Warren, MI 48089

Attn:   Mr. Jeffrey A. Cackowski
        Claims Manager

**Re:**   **Gentex**
          **Your Ref.: 616080**
          **Pro No. 495-288534-1**
          **Claim Amount: $122,500.00**
          **AI Marine Claim No. 0069567-A**
          **Our File: 7-07-7049 DGM**

Dear Mr. Cackowski:

        We have been retained by AI Marine Adjusters, Inc. to pursue their rights of
subrogation on the above claim.

        Claim documents have been previously sent to you and we request that you give this
matter your immediate attention. Please call the undersigned upon receipt of this letter.

                        Very truly yours,

                        McDERMOTT & RADZIK, LLP

        By:

                        Daniel G. McDermott

DGM/jad

EXHIBIT
D

# McDermott & Radzik, LLP

WALL STREET PLAZA
88 PINE STREET
NEW YORK, NEW YORK 10005-1801

TELEPHONE (212) 376-6400
TELECOPIER (212) 376-6490
E-MAIL: FIRM@MCDERMOTTRADZIK.COM

July 20, 2007

*7/31*

**VIA MAIL AND FACSIMILE:** *(2 pages)* 586-755-6421

Central Transport International
12225 Stephens Road
Warren, MI 48089

Attn:   Mr. Dave Rigelhof
        Claims Department

*Offer – 75,000*
*Demand $55,000*
*New – $80,000*
*Called JTN. LMTC*

**Re:    Gentex, Inc.**
        **Your Ref.: 616080**
        **Pro No. 495-288534-1**
        **Claim Amount: $122,500.00**
        **AI Marine Claim No. 0069567-A**
        **Our File: 7-07-7049 DGM**

Dear Mr. Rigelhof:

We refer to our telephone conference of July 19, 2007 and your subsequent fax letter enclosing a letter dated May 23, 2007 addressed to our client AI Marine Adjusters, to the Attention of Jim Nasso.

We have conferred with Mr. Nasso and faxed him your correspondence and subject letter. Mr. Nasso does not recall having received the letter.

In any event, we appreciate CTI's initial offer of settlement in the sum of $50,000.00. We have been authorized to reject the offer as insufficient. Liability is clear and the "age and circumstances surrounding this shipment" has already been taken into account in the presentation of our revised claimed in the sum of $122,500.00. The original claim amount was $209,180.07.

EXHIBIT
E

**McDermott & Radzik, LLP**

Central Transport International
July 20, 2007
Page 2

---

       We have been authorized to propose a compromise settlement in the sum of $100,000.00.  Please contact us by close of business on Friday, July 27, 2007.

                  Very truly yours,

                McDERMOTT & RADZIK, LLP

        By:

                Daniel G. McDermott

DGM/jad

cc:    Mr. James T. Nasso
       AI Marine Adjusters, Inc.
       File No.:0069567-A

E

- 1 -

# ☰ CENTRAL TRANSPORT°

C E N T R A L   T O   Y O U R   S U C C E S S ™

# FAX

Date : 7/19/2007

Number of Pages (including cover page) : 2

To : Daniel G. McDermott          From :   Dave Rigelhof

Fax : (212) 376-6490          Phone :

Re : A I Marine Adjusters – Pro 495-288534-1
        Your file # 7-07-7049 DGM

---

☐ Urgent  x For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

---

Comments :

Please review letter sent out to Mr. Nasso of A I Marine Adjusters on 5/23/2007.

12225 Stephens Road · Warren, MI 48089
Tel 800.334.4883 X5784 · Fax 586.755.6421
Email: drigelhof@centraltransportint.com
Website: www.centraltransportint.com

E

# CENTRAL TRANSPORT®

C E N T R A L   T O   Y O U R   S U C C E S S ™

May 23, 2007

A I Marine Adjusters
175 Water Street – 15ᵗʰ Floor
New York, NY 10038

Attn: Jim Nasso

Re: Central Transport International claim 616080  pro 495-288534-1
    A I claim 0069567-A

Dear Mr. Nasso:

Upon final review of the presented documents associated with the above mentioned claim we offer the following comments.

Whenever a used item is tendered in any mode of transportation numerous obstacles are naturally present. Items such as the age of the unit, condition at time of transport, original packaging, re-shipment packaging, value support, depreciation, among others come into question.

Due to the age and circumstances surrounding this shipment, as a means to close this matter we are willing to forward a settlement amount of $50,000.00.

Kindly allow your acceptance and we will conclude.

Note – this offer will remain in effect for 30 days. After that time period the claim will be considered as in a denied status.

Sincerely,

Jeffrey A. Cackowski
Claims Manager



12225 Stephens Road    Warren, MI 4808?
Tel 800.334.4883    Fax 586.755.159?
www.centraltransportint.com





# McDERMOTT & RADZIK, LLP

WALL STREET PLAZA
88 PINE STREET
NEW YORK, NEW YORK 10005-1801

TELEPHONE (212) 376-6400
TELECOPIER (212) 376-6490
E-MAIL: FIRM@MCDERMOTTRADZIK.COM

July 31, 2007

**VIA MAIL AND FACSIMILE:** (*1 page*) 586-755-6421

Central Transport International
12225 Stephens Road
Warren, MI 48089

Attn:   Mr. David Rigelhof

**Re:     Gentex, Inc.**
**Your Ref.: 616080**
**Pro No. 495-288534-1**
**Claim Amount: $122,500.00**
**AI Marine Claim No. 0069567-A**
**Our File: 7-07-7049 DGM**

Dear Mr. Rigelhof:

This will confirm our telephone conference of this date in which we agreed to settle the above referenced claim in the sum of $80,000.00.

Please make your settlement check in the agreed amount, made payable to American Home Assurance Company, the subrogated underwriter for Gentex, Inc.

Thank you for amicably resolving this matter.

Very truly yours,

McDERMOTT & RADZIK, LLP

By:

Daniel G. McDermott

DGM/jad

**Fax (212) 458-6510**

cc:   Mr. James T. Nasso
      AI Marine Adjusters, Inc.
      Ref. No.: 0069567

EXHIBIT
F

# McDermott & Radzik, LLP

WALL STREET PLAZA
88 PINE STREET
NEW YORK, NEW YORK 10005-1801

TELEPHONE (212) 376-6400
TELECOPIER (212) 376-6490
E-MAIL: FIRM@MCDERMOTTRADZIK.COM

August 15, 2007

**VIA MAIL AND FACSIMILE (1 page) 586-755-6421**

Central Transport International
12225 Stephens Road
Warren, MI 48089

Attn: Mr. David Rigelhof

Re:    **Gentex, Inc.**
       **Your Ref.: 616080**
       **Pro No. 495-288534-1**
       **Claim Amount: $122,500.00**
       **AI Marine Claim No.: 0069567-A**
       **Our File: 7-07-7049  DGM**

Dear Mr. Rigelhof:

We refer to our letter of July 31, 2007 in which we confirmed our agreement to settle this claim in the sum of $80,000.00.

Please advise when we may expect settlement funds.  Many thanks.

Very truly yours,

McDERMOTT & RADZIK, LLP

By:

Daniel G. McDermott

DGM/jad

EXHIBIT
G

# McDermott & Radzik, LLP

WALL STREET PLAZA
88 PINE STREET
NEW YORK, NEW YORK 10005-1801

TELEPHONE (212) 376-6400
TELECOPIER (212) 376-6490
E-MAIL: FIRM@MCDERMOTTRADZIK.COM

August 30, 2007

**VIA MAIL AND FACSIMILE (1 page) 586-755-6421**

*9/5/07*
*Legal Dept*

Central Transport International
12225 Stephens Road
Warren, MI 48089

Attn: Mr. David Rigelhof

**Re:    Gentex, Inc.**
**Your Ref.: 616080**
**Pro No. 495-288534-1**
**Claim Amount: $122,500.00**
**AI Marine Claim No.: 0069567-A**
**Our File: 7-07-7049  DGM**

Dear Mr. Rigelhof:

We refer to our letters of July 31 and August 15, 2007 and our telephone conferences.

We still have not received settlement funds in the sum of $80,000.00, despite your assurance that the check was processed and was being mailed out

Please forward settlement funds as soon as possible to avoid a suit for breach of an agreed settlement. Thank you for your immediate attention to this matter.

Very truly yours,

McDERMOTT & RADZIK, LLP

By:

Daniel G. McDermott

DGM/jad

cc:  Mr. James T. Nasso
     AI Marine Adjusters, Inc.
     Your Ref. No. 0069567-A

EXHIBIT
H



# Quote

10121 Barnes Canyon Road, San Diego, CA 92121 (858) 535-0077 Fax: (858) 535-0130
E-mail: connect@autosplice.com  Web Site: www.autosplice.com

July 12, 2006

Mike Hoffmann
Gentex Corporation
600 N. Centennial
Zeeland, MI 49464

*replacement Quote*

## Quotation Number 16-60193

Dear Mr. Hoffmann

In response to your request, we are pleased to offer the following quotation for our VersaSert Insertion Platform.

### 1. VERSASERT " HIGH SPEED " INSERTION PLATFORM

**SYSTEM DESCRIPTION:** VersaSert VIP-3 (Versatile Insertion Platform) is designed for high speed versatile manufacturing environments. Accommodating up to three insertion heads, VersaSert offers maximum component flexibility at rates up to 20,000 components per hour, with a full 18" x 18" work area under each head assembly.

**MODEL NUMBER:** VIP-33IL (TRIPLE HEAD IN-LINE)

THE VIP-33IL IN-LINE SYSTEM COMES WITH THE FOLLOWING COMPONENTS:

- 18" X 18" X-Y POSITIONING TABLE WITH LINEAR SERVO MOTORS
- BASE PLATFORM AND TRIPLE HEAD GANTRY
- AUTOMATIC HEAD SHUTTLE
- AUTOMATIC ROTARY STAGE
- IN-LINE MODULE WITH IN/OUT CONVEYORS
- 3 EA. DC SERVO DRIVE TRAINS AND AMPLIFIERS FOR HEAD ASSEMBLIES
- PC BASED, MULTI AXIS, PROGRAMMABLE COMPUTER CONTROLLER
- 12" COLOR FLAT PANEL, TOUCH SCREEN MONITOR
- RISING POST ASSEMBLY (PCB SUPPORT)
- RISING POST AUTOMATIC TOOL CHANGER WITH THREE TOOLS
- SAFETY/SOUND ENCLOSURE
- EMERGENCY SPARE PARTS KIT
- TWO DAY ON-SITE SET UP AND TRAINING

BASE SYSTEM PRICE: $305,785

### TERMS AND CONDITIONS (CNC):

PRE-DELIVERY ACCEPTANCE REQUIRED AT AUTOSPLICE
DELIVERY:          38 Weeks A.R.O.
TERMS OF PAYMENT: 1/3 with P.O., 1/3 prior to shipment, balance Net 30 days,
                   F.O.B. San Diego, CA.
SYSTEM WARRANTY: Equipment warranty covers material and workmanship for 1 year. Normal wear, tooling mis-adjustments and shipping costs not included.

EXHIBIT
1