Daniel G. McDermott (DM-3449)
James J. Ruddy (JR-6693)
McDermott & Radzik, LLP
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
212-376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMERICAN HOME ASSURANCE
COMPANY a/s/o GENTEX CORPORATION,

                            Plaintiff,

                 -against-

CENTRAL TRANSPORT, INC.

                           Defendant.
------------------------------------------------------------X

**ECF CASE**

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 USC §1404(a)**

07 CIV 7930 (GBD)

Plaintiff, American Home Assurance Company ("AHAC") submits this Memorandum of Law in opposition to defendant, Central Transport International, Inc.'s ("CTI") motion to dismiss the Complaint or alternatively to transfer the case to the Western District of Michigan.

### INTRODUCTION

This case involves damage and loss to machinery transported by defendant from Michigan to California in May 2006.[1] AHAC submitted its $122,499.00 subrogation claim to CTI which eventually agreed to settle the cargo claim for $80,000.00.

---

[1] Since CTI concedes that the case is governed by 49 U.S.C. §14706, plaintiff is prepared to discontinue its second and third causes of action as they are preempted by the Carmack Amendment.

## STATEMENT OF RELEVANT FACTS

CTI trucked two crates of used machinery from Michigan to Autosplice, Inc. in San Diego, California.

At delivery in California, Autosplice, Inc. noted that the cargo had suffered serious damage during the interstate transportation. See Affirmation, Paragraph 17.

Autosplice, Inc. examined the damaged shipment and prepared a replacement quote. See Affirmation, Paragraph 17 and Exhibit "I".

King Marine Surveying Co., Inc. of Thousand Oaks, California surveyed the damaged machinery and assisted in calculating its depreciated valuation. See Affirmation, Paragraph 18.

After Gentex Corporation's claim was paid by its underwriter in the amount of $112,499.38 (subject to a $10,000.00 deductible), AHAC presented the cargo damage claim to CTI. See Affirmation, Paragraph 3 and Exhibits "A" and "C".

When AHAC's Mr. Nasso was unsuccessful in subrogating the claim, this firm was retained on July 16, 2007. See Affirmation, Paragraph 10.

Plaintiff's counsel, Daniel G. McDermott settled the underlying claim for $80,000.00 with CTI on July 31, 2007 and memorialized the settlement in writing. See Affirmation, Paragraph 12 and Exhibit "F".

Later defendant advised Mr. McDermott that the settlement check would be mailed on Tuesday, August 19, 2007. See Affirmation, Paragraph 13.

CTI does not deny that it settled the case for $80,000.00.

The Broker/Carrier Agreement ("the Contract") between CTI and non-party Universal Traffic Service contains a forum selection clause which is explicitly inapplicable to cargo damage claims.

## FORUM SELECTION CLAUSES ARE REPUGNANT
## TO THE OBJECTIVES CONGRESS SOUGHT TO ACHIEVE
## THROUGH THE ENACTMENT OF THE CARMACK AMENDMENT

As detailed in the accompanying affirmation of Daniel G. McDermott, the purported Michigan forum selection clause, propounded by CTI, is simply not applicable to this litigation. This is because the Contract language itself explicitly excludes its applicability to cargo damage and shortage claims.

Even assuming *arguendo* that the Contract incorporated a forum clause, it would be invalid as a matter of law. In cases where the Carmack Amendment governs the carriers' liability, it also governs the enforceability of any forum selection clause contained in the bill of lading. *Kyodo U.S.A., Inc. v. Cosco N. Am., Inc.*, 2001 U.S. Dist. LEXIS 24360 (C.D. Cal. 2001). The Carmack Amendment codifies "the right of the shipper to sue the carrier in a convenient forum of the shipper's choice". *Aaacon Auto Transp., Inc. v. State Farm Mut. Auto. Ins. Co.*, 537 F.2d 648, 654 (2d Cir. 1976). Thus, the Carmack Amendment essentially prohibits enforcement of forum selection clauses and provides that suit may be brought against a carrier in a forum convenient to the shipper. *See id.*; *see also Seko Air Freight, Inc. v. Direct Transit, Inc.*, 859 F.Supp. 306 (N.D. Ill 1994).

The cases relied upon by defendant are readily distinguishable as they do not involve interstate transportation subject to the Carmack Amendment.

## VENUE IS PROPER IN THE
## SOUTHERN DISTRICT OF NEW YORK

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) which provides:

3

> **§1391. Venue generally**
>
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) .....

This provision does not require that plaintiffs establish that the Southern District has "the most substantial contacts to the dispute; rather it is sufficient that a substantial part of the events occurred [here], even if a greater part of the events occurred elsewhere". *Leucadia National Corp. v. FPL Group Capital, Inc.*, 93 Civ. 2908, 1993 WL 464691, at *6 (S.D.N.Y. Nov. 9, 1993); *Neufeld v. Neufeld*, 910 F.Supp. 977, 986 (S.D.N.Y. 1996).

CTI does not dispute jurisdiction as it is an interstate trucker which does business in the State of New York. In the instant case, the settlement agreement was negotiated, authorized and confirmed in New York. Thus, a "substantial part of the events or omissions giving rise to the claim occurred" in this District. *Estate of Johnel Moore v. Jessy Dixon*, 460 F.Supp. 2d 931, 936 (E.D.W. 2006).

### FOR THE CONVENIENCE OF THE PARTIES AND IN THE INTEREST OF JUSTICE, THIS COURT SHOULD NOT TRANSFER VENUE TO THE WESTERN DISTRICT OF MICHIGAN

An analysis of the circumstances of this litigation discloses that New York, Michigan and California play substantial roles but none is dominant. Although the transportation of the used machinery originated in Michigan, the damage was discovered in California where the cargo was surveyed and the extent and amount of the loss was determined. Thereafter, subrogation was

pursued in New York by plaintiff and subsequently the claim was negotiated and settled by plaintiff's counsel in New York.

The purpose of 28 U.S.C. §1404 is to prevent waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack, Pa.*, 376 U.S. 612, 615, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964). It does not, however, defeat a plaintiff's right to bring an action in the forum of its choice. See *H.L. Green Co. v. MacMahon*, 312 F.2d 650, 652 (2d Cir.), *cert denied*, 372 U.S. 928, 83 S. Ct. 876, 9 L. Ed. 2d 736 (1963). Thus, courts ought to give due consideration to a plaintiff's choice of forum. See *Seiko Time Corp. v. Pascual*, 117 F.R.D. 354, 358 (S.D.N.Y. 1987). Indeed, courts in this circuit are loathe to disturb a plaintiff's choice of forum absent a showing that "the balance of convenience and justice weighs heavily in the favor of the transfer". *Somerville v. Major Exploration, Inc.*, 576 F.Supp. 902, 908 (S.D.N.Y. 1983); *Central Sports Army Club v. Arena Association, Inc.*, 952 F.Supp. 181, 189 (S.D.N.Y. 1997).

When the transfer factors set forth in *D.H. Blair & Co., Inc. v. Gottdiemer*, 462 F.3d 95, 106-107 (2d Cir. 2006) are evaluated in conjunction with the facts of this particular case, a transfer to Michigan is not warranted.

1. **Convenience of Witnesses**

    To litigate the underlying cargo claim, the parties realized it would be costly and time consuming and would require testimony from California witnesses as to the extent and amount of damages and possibly testimony from the shipper in Michigan. To avoid this burden, the parties settled the case for $80,000.00.

    Plaintiff's witnesses are Mr. James Nasso of AHAC who will testify that as Subrogation Manager he evaluated the merits of the claim, presented the claim to

5

defendant and authorized Daniel G. McDermott to resolve the claim with CTI for $80,000.00. Mr. McDermott will testify that he negotiated and settled the case with CTI pursuant to Mr. Nasso's authority. Both Messrs. Nasso and McDermott work within blocks of the Courthouse. In contrast, defendant's motion fails to delineate who their key witnesses will be, including the identity of the truck driver, where he resides and if the driver is still employed.

The moving party must demonstrate through clear and convincing evidence "that the balance of convenience favors the defendant's choice". *Hall v. South Orange*, 89 F.Supp. 2d 488, 494 (S.D.N.Y. 2000) (citations omitted); see also *Worldcom Technologies, Inc. v. ICC Intelca Communications, Inc.*, 37 F.Supp. 2d 633, 638 (S.D.N.Y. 1999). The convenience of the witnesses is generally viewed as the most important factor in the analysis. *Aerotel, Ltd. v. Sprint Corp.*, 100 F.Supp. 2d 189, 197 (S.D.N.Y. 2000). The moving party must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (1978), overr'd on other grounds, *Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990).

2. **The Plaintiff's Choice of Forum**

Unless the balance is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed. *North Branch Products, Inc. v. Fisher*, 1960, 284 F.2d 611, 109 U.S. App. D.C. 182, cert. denied 81 S.Ct. 713, 365 U.S. 827, 5 L.Ed.2d 705. See, also, *Olympic Corp. v. Societe Generale*, 462 F.2d 376 (2d Cir. 1972); *Lykes Bros. S.S. Co. v. Sugarman*, 272 F.2d 679 (2d Cir. 1959).

3. **The Convenience of the Parties**

Defendant has not identified any key employee it intends to have testify or if that person is still employed. AHAC will have Mr. Nasso testify as to the agreed settlement. A mere shifting of inconveniences is not sufficient to transfer a case. *Walker v. The Jon Renau Collection*, 423 F.Supp. 115, 118 (S.D.N.Y. 2005). Since the settlement agreement is not barred by the statute of frauds, this cause of action can be expeditiously resolved here. *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1537; *Grupo Sistemas v. AT&T Communciations*, 1994 U.S. Dist. LEXIS 11896 (S.D.N.Y.) and *Leber v. Blackmon*, 1991 U.S. Dist. LEXIS 1719 (S.D.N.Y. 1991).

4. **The Location of Relevant Documents**

This case will not involve the production of a significant amount of documentation from California, New York and/or Michigan. In any event, the location of documents, "is neutral in today's era of photocopying, fax machines and Federal Express". *Aerotel, Ltd.*, 100 F.Supp. 2d at 197 (quoting *Coker v. Bank of America*, 984 F.Supp. 757, 766 (S.D.N.Y. 1977).

5. **The Focus of Operative Facts**

CTI's argument that no "operative facts" occurred in the Southern District of New York is clearly inaccurate. The claim was presented to CTI by AHAC and negotiated and settled here. Although events also occurred in Michigan and California, plaintiff's choice of venue is entitled to great weight. It "will not be disturbed except upon a clear-cut showing that the convenience and justice for all parties demands that the litigation proceed elsewhere". *Lacorte Electrical v. Centron Security Systems, Inc.*, 894 F.Supp.

80, 82 (N.D.N.Y. 1995). See *Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992) (noting that the venue statute does not require the district court to determine the best venue, only a suitable one). *D.H. Blair & Co., Inc.* at 462 F.3d at 106.

6. **Availability of Process to Compel the Attendance of Unwilling Witnesses**

Defendant's argument is without merit as both parties can readily produce their witnesses. Defendant has failed to identify any potentially unwilling witness with relevant information located in Michigan.

## CONCLUSION

For all the foregoing reasons, this Court should deny defendant's motion in its entirety.

Dated: New York, New York
November 20, 2007

McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff

By: _____
James J. Ruddy (JR-6693)
Wall Street Plaza
88 Pine Street
New York, New York 10005
212-376-6400
7-07-7049 DGM/JJR

TO:  BARRY N. GUTTERMAN & ASSOCIATES, P.C.
     Attorneys for Defendant
     Central Transport International, Inc.
     60 East 42nd Street  46th Floor
     New York, New York  10165
     212-983-1466