Barry N. Gutterman (BG 6410)
Robert Briere (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Central Transport International, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10161
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY a/s/o GENTEX CORPORATION<br><br>                    Plaintiff,<br><br>-against-<br><br>CENTRAL TRANSPORT, INC.<br><br>                    Defendants. | ECF CASE<br><br>NO.: 07-CV-7930(GBD)<br><br>**DEFENDANT CENTRAL TRANSPORT, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER** |

   In Plaintiff's Opposition to the Motion to Dismiss for Improper Venue or for Transfer by Defendant Central Transportation International, Inc. ("CTI"), Plaintiff does much to confuse the issues before the Court. Upon considering those issues in a focused manner, it is clear that the Complaint should be dismissed for improper venue, or transferred pursuant to 28 U.S.C. § 1406. In the alternative, this matter should be transferred pursuant to 28 U.S.C. § 1404.

   The issues are simple:

   1.  Has Plaintiff established that venue is proper in the Southern District of New York under the Carmack Amendment, 49 U.S.C. § 14706?

   2.  To the extent the Complaint lacks sufficient allegations as to venue, which is appropriate: dismissal or transfer pursuant to 28 U.S.C. § 1406?

3.  Alternatively, if Plaintiff has established that venue is proper, should the action be transferred, pursuant to 28 U.S.C. § 1404, for forum non conveniens.

For the reasons explained below, Plaintiff has failed to show that venue exists under the Carmack Amendment. In the instant case, transfer pursuant to 28 U.S.C. § 1406 is appropriate.

Even if the Court does find that venue is technically permissible in the Southern District under the Carmack Amendment, it is clear that transfer to the Western District of Michigan is appropriate on the grounds of forum non conveniens, in light of the fact that the Western District of Michigan is the location of the vast majority of knowledgeable witnesses, and the parties to the transportation agreement itself are subject to subpoena there.

**A.  The Broker/Carrier Agreement between CTI and Plaintiff's Broker Establishes the Western District of Michigan as the Proper Venue For Disputes under the Contract.**

As discussed in its initial Notice of Motion and Memorandum of Law, a Broker/Carrier Agreement between defendant CTI and Plaintiff's freight broker Universal Traffic Service contains a choice of forum provision in which the parties expressed their intention to have the Western District of Michigan serve as the venue for lawsuits arising under the Contract. In its Opposition to Defendant's Motion to Dismiss for Improper Venue, Plaintiff reads the transportation contract as being inapplicable to Plaintiff's claim.

CTI does not concede that the Contract is inapplicable to the dispute. Nonetheless, if the Court accepts Plaintiff's reading of the Contract as correct, the question remains: Is the Southern District of New York a proper venue for Plaintiff's action? The answer is no.

**B.     The Complaint Contains No Allegations Showing that the Southern District of New York May Be a Proper Venue for Plaintiff's Carmack Amendment Action.**

Plaintiff has the burden of establishing that the Southern District of New York is a proper venue. <u>Hsin Ten Enterprise USA v. Clark Enterprises</u>, 138 F. Supp. 2d 449, 460 (S.D.N.Y. 2000) (plaintiff has burden of establishing that proper venue exists); <u>French Transit v. Modern Coupon Sys.</u>, 858 F. Supp. 22, 25 (S.D.N.Y. 1994) (same).

The special venue provisions of the Carmack Amendment, 49 U.S.C. § 14706(d)(2-3) must be applied to determine if there is venue. The general venue provisions of 28 U.S.C. 1391, cited by Plaintiff, do not apply.

The Carmack Amendment, 49 U.S.C. § 14706, has a two-part special venue provision. As to a damage action against a delivering carrier, venue exists "in a judicial district . . . through which the defendant carrier operates." 49 U.S.C. § 14706(d)(2). In an action against a carrier that causes damage or loss to cargo, venue exists "in the judicial district in which . . . loss or damage is alleged to have occurred." Section 14706(d)(3).

The Complaint alleges that CTI was the sole carrier for the shipment of machinery, by Plaintiff's insured Gentex, from Zeeland, Michigan to San Diego, California. Complaint ¶¶ 10-11. However, Plaintiff does not allege, and no allegation in the Complaint can be read as inferring, that CTI operates through the Southern District of New York. At best, Plaintiff only alleges that CTI is registered to do business in the State of New York and that it has a registered agent in Bay Shore, New York within the Eastern District of New York. Complaint ¶ 8. Therefore, Plaintiff has failed to meet its burden to establish that venue exists in the Southern District under 49 U.S.C. § 14706(d)(2), and this matter should be dismissed or transferred pursuant to 28 U.S.C. § 1406.

As to venue under 49 U.S.C. § 14706(d)(3), Plaintiff does not allege where the claimed damage occurred to the machinery of its insured, Gentex. When the Complaint's allegations are read in the light most favorable to Plaintiff, the fair inference is that damage occurred somewhere during shipment from western Michigan to San Diego, in southern California... The Southern District of New York lies nowhere near the route south and west from Zeeland, Michigan to San Diego, California.

The Court may take judicial notice that the driving distance is more than 700 miles easterly from Zeeland, the shipment's origin, to New York City, in the Southern District of New York. See "Google Maps: Get Directions" at http://maps.google.com/maps?tab=wl. It also may take notice that the driving distance is more than 2,800 miles westerly from New York City to San Diego. Id. In light of these great distances, there can be no basis for reading the Complaint as implying that CTI transported the machinery via the Southern District of New York, a road trip of more than 3,500 miles, and that it was damaged in the Southern District of New York.

In short, the Complaint sets forth no allegations that even allege that venue is proper in the Southern District of New York under 49 U.S.C. § 14706(d)(2-3). Under the Carmack Amendment venue provisions, the Western District of Michigan clearly is a proper venue because CTI operated there when it picked up the shipment by Gentex. Therefore, this matter should be dismissed or transferred to the Western District pursuant to 28 U.S.C. § 1406. Donaldson Technology Group, LLC v. Landstar Ranger, Inc., 347 F.Supp.2d 525, 527 (S.D. Ohio 2004); Cargo-Master, Inc. v. Coast Midwest Transport, Inc., Civil Action Nos. 3:97-CV-1637-G & 3:98-CV-0023-G, 1998 U.S. Dist. LEXIS 12707 at *3-5 (N.D. Tex. Aug. 7, 1998), copy attached.

**C.     As to Plaintiff's Other Causes of Action, Proper Venue Exists In the Western District of Michigan.**

In the Complaint, Plaintiff also asserts an alternative breach of contract action, pursuant to state law, for breach of an alleged oral settlement agreement. Complaint, Fourth Cause of Action (In the Alternative) ¶¶ 21-28. This alternative cause of action is based upon allegations that before Plaintiff filed its lawsuit, CTI purportedly agreed to settle during a telephone conversation with Plaintiff's attorney.[1]

The breach of contract action is clearly a pendent claim. It arises out of the same set of operative facts as Plaintiff's Carmack Amendment claim in that both involve (a) the alleged damage to the cargo of Gentex during transit and (b) what occurred in the pre-litigation claim process in which all Carmack Amendment claimants must take part. See 49 C.F.R. 1005.1-1005.2 (2006) (motor carrier cannot pay claim for damages unless it receives written notice from claimant that complies with Surface Transportation Board regulations); 49 U.S.C. § 14706 (e)(1)(motor carrier must give shipper at least nine months to submit damage claim; Carmack Amendment limitations period begins to run on date of carrier's written notice of disallowance of claim). See also, e.g., Universal Manufacturing Corp. v. Associated Rigging And Hauling Corp., 773 F. Supp. 549, 550-51 (E.D.N.Y. 1991) (Plaintiff's Carmack Amendment action against carrier was time-barred because its action was commenced more than two years after disallowance of claim; co-defendants' counter-claims were barred because they did not submit written claims to carrier within nine months.).

As to the pendent breach of contract action, venue exists in the District that is a proper venue for Plaintiff's Carmack Amendment action. Hsin Ten Enterprise United States, v. Clark

---

[1]     Since plaintiff's attorney is a material witness as to this purported oral contract, he and his law firm must recuse themselves before trial.

Enterprises, 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000); Rodriguez v. Chandler, 641 F. Supp. 1292, 1302 (S.D.N .Y. 1986), aff'd, 841 F.2d 1117 (2d Cir. 1998). Therefore, the Western District of Michigan is the proper venue for all of Plaintiff's pled causes of action.

In Plaintiff's second and third causes of action, it seeks damages related to the freight that is the subject of the first cause of action. These too are pendent claims, based on state law contract and negligence theories, but they are preempted by the Carmack Amendment as a matter of well-settled law. See, e.g., Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 29 (1936). CTI intends to seek dismissal of, or summary judgment on, these invalid causes of action at an appropriate time.

**D.     Pursuant to 28 U.S.C. § 1404, Venue Should be Transferred to the Western District of Michigan, the Location with the Most Significant Nexus To Plaintiff's Action.**

Even if the Court finds that Plaintiff has met its burden of establishing that the Southern District of New York is a proper venue for its pled claims, there is no doubt that this matter should be transferred, pursuant to 28 U.S.C. § 1404, for reasons of forum non conveniens. As CTI established in its initial Memorandum of Law, there are five factors, out of a possible seven, that favor transfer pursuant to 28 U.S.C. §1404(a).

Plaintiff's only response is that, in regard to Plaintiff's pendent state law action for breach of an oral settlement agreement to pay $80,000, so-called "operative facts" occurred in New York, purported "potential witnesses" are there, and therefore the action's venue should remain the Southern District. This self-serving and self-created argument must be rejected.

These purported operative facts occurred, and potential witnesses are located, in the Southern District only because Plaintiff, an insurance company and subrogee for a Carmack Amendment claim, selected New York-based agents to pursue its claim against CTI. If such a unilateral choice of agents was sufficient to defeat a Section 1404(a) motion to transfer, then in

6

all subrogation actions an insurer could defeat a 1404(a) motion by (i) identifying a distant proper venue at the outset of its claim evaluation process; (ii) selecting agents in that venue to process the claim and pursue any subrogation claims; and (iii) arguing that the agents' involvement before commencement of suit bars transfer from the insurance company's selected venue to the obviously most convenient venue for witnesses and parties.

Clearly, that is not what Congress intended when it enacted Section 1404(a), nor an argument that federal courts have accepted. As the Supreme Court and the Courts of Appeals have emphasized on various occasions, the purpose of venue statutes is to avoid unfairness to a defendant by preventing a trial in a distant and inconvenient location. See Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005) ("in most instances, the purpose of statutorily defined venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial.") (emphasis in original), quoting Leroy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979); Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) (Venue statutes are "intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute.")

To the contrary, federal courts have rejected again and again an insurance company's attempt to defeat a 28 U.S.C. § 1404(a) transfer motion by arguing that the location of the insurer's office, and its claims personnel, in the insurer's selected venue was sufficient to justify a trial against defendant in the distant forum. Three examples of federal courts' rejection of that argument are:

1.  Mitsui Marine and Fire Insurance Co. v. Nankai Travel International Co., 245 F. Supp. 2d 523 (S.D.N.Y. 2003). In Mitsui Marine, the Plaintiff insurance company had an office in New York and its claims handling personnel were located there. 245 F. Supp. 2d 524, 526.

7

Nevertheless, the Court ordered the matter transferred to the Northern District of Illinois where defendant delivered goods to Plaintiff's insured and where there were witnesses regarding the goods' condition at delivery. Id. at 526.

     2.     TM Claims Service v. KLM Royal Dutch Airlines, 143 F. Supp. 2d 402 (S.D.N.Y. 2001). In TM Claims Service, the Plaintiff insurance company had its office in New York, and its claims adjusters and documents were in New York. 143 F. Supp. 2d at 404, 406-07. Nevertheless, the Court transferred the insurance company's action to the Northern District of Georgia, the cargo's destination where the defendant airline discovered damage, where surveyors inspected the damage and where numerous witnesses were. Id. at 403, 405-07.

     3.     Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 576-79 (S.D.N.Y. 2001) (Hon. J.C. Francis IV, U.S. Mag. Judge). In Royal & Sunalliance, the Plaintiff insurer had an office in New York and processed the claim of its insured there. 167 F. Supp. 2d 573, 576-77. Nevertheless, the Court transferred the Plaintiff insurance company's action to the Northern District of Georgia, where the insured's cargo was tendered to defendant airline and where potential witnesses were. Id. at 575-76.

In light of these decisions, it is clear that CTI's motion to transfer for forum non conveniens should be granted and this matter should be transferred to the Western District of Michigan. This is true in particular because defendant's headquarters is located in Michigan, the shipment originated in the Western District of Michigan, and the District Court for the Western District can subpoena witnesses anywhere in Michigan to appear at trial. See Fed. R. Civ. P. 45(c)(2) (District Court may subpoena persons to appear at trial to the extent state courts of general jurisdiction may do so); Mich. Ct. Rule 2.506(G) (Michigan Circuit Court may subpoena a person anywhere in Michigan to appear for trial in civil case). Therefore, the District Court for

8

the Western District can subpoena non-party witnesses such as Gentex employees and employees of the broker Universal Traffic Service. To the extent necessary, the Court can subpoena as well former or current employees of CTI and any other persons in Michigan involved in the transportation of Gentex's machinery.

## CONCLUSION

For the reasons set forth in this Reply Brief, and Defendant Central Transportation International, Inc.'s Memorandum of Law in Support of Motion to Dismiss Complaint for Improper Venue Or, In the Alternative, to Transfer, it is clear that the Southern District of New York is not a proper venue for Plaintiff's causes of action. Therefore, the Complaint should be dismissed or transferred to the Western District of Michigan pursuant to 28 U.S.C. § 1406. Alternatively, if the Court finds that venue exists in the Southern District, this matter should be transferred to the Western District of Michigan pursuant to 28 U.S.C. § 1404.

Dated: December 3, 2007
      New York, New York

By: /s/ Barry N. Gutterman
Barry N. Gutterman (BG 6410)
Robert Briere (RB6080)
Barry N. Gutterman & Associates, P.C.
60 East 42nd Street, 46th Floor
New York, New York 10161
(212) 983-1466 (phone)
(212) 983-1229 (fax)

OF COUNSEL:

Charles L. Howard
Keenan Cohen & Howard, P.C.
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA  19046
(215) 609-1110 (phone)
(215) 609-1117 (fax)

Attorneys for Defendant

                                        Central Transport International, Inc.

To:    Daniel G. McDermott (DM-3449)
        James J. Ruddy (JR-6693)
        McDermott & Radzik, LLP
        Wall Street Plaza
        88 Pine Street
        New York, New York 10005
        (212) 376-6400 (phone)
        7-07-7049 DGM/JJR

CT-2807.Reply Brief