1998 U.S. Dist. LEXIS 12707,
**CARGO-MASTER, INC., Plaintiff/Counter-Defendant, VS. COAST MIDWEST TRANSPORT, INC., Defendant/Counter-Claimant/Third-Party Plaintiff, VS. ALBANY INSURANCE COMPANY, Third-Party Defendant. COAST MIDWEST TRANSPORT, INC., Plaintiff, VS. CARGO-MASTER, INC., ET AL., Defendants.**
**CIVIL ACTION NO. 3:97-CV-1637-G CONSOLIDATED WITH 3:98-CV-0023-G**
**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**
*1998 U.S. Dist. LEXIS 12707*
**August 7, 1998, Decided**
**August 7, 1998, Filed; August 10, 1998, Entered on Docket**

**DISPOSITION:** [*1] Cases TRANSFERRED.
**COUNSEL:** For CARGO-MASTER INC, plaintiff (97-CV-1637): Samuel John Hallman, Sharla H Myers, K Mark Vincent, Attorneys at Law, Vial Hamilton Koch & Knox, Dallas, TX USA.
For COAST MIDWEST TRANSPORT INC, plaintiff (98-CV-23): John M Nader, Attorney at Law, Tilford Dobbins Alexander Buckaway & Black, Louisville, KY USA.
For COAST MIDWEST TRANSPORT INC, consoli-dated plaintiff (97-CV-1637): John M Nader, Attorney at Law, Tilford Dobbins Alexander Buckaway & Black, Louisville, KY USA.
For COAST MIDWEST TRANSPORT INC, third-party plaintiff (97-CV-1637): Randall Thomas Cox, Attorney at Law, Spencer Greene & Cox, Fort Worth, TX.
For COAST MIDWEST TRANSPORT INC, defendant (97-CV-1637): Randall Thomas Cox, Attorney at Law, Spencer Greene & Cox, Fort Worth, TX.
For CARGO-MASTER INC, defendant (98-CV-23): Samuel John Hallman, Sharla H Myers, Attorneys at Law, Vial Hamilton Koch & Knox, Dallas, TX USA.
For CARGO-MASTER INC, defendant (98-CV-23): Timothy W Wiseman, Attorney at Law, Scopelitis Garvin Light & Hanson, Indianapolis, IN USA.
For ALBANY INSURANCE COMPANY, defendant (98-CV-23): R Gregory Neely, Cody & Neely, New Albany, IN USA.
For [*2] ALBANY INSURANCE COMPANY, defendant (98-CV-23): W Scott Miller, Jr, Miller & Miller, Louisville, KY USA.
For ALBANY INSURANCE COMPANY, consolidated defendant (97-CV-1637): R Gregory Neely, Cody & Neely, New Albany, IN USA.
For ALBANY INSURANCE COMPANY, consolidated defendant (97-CV-1637): W Scott Miller, Jr, Miller & Miller, Louisville, KY USA.
For ALBANY INSURANCE COMPANY, third-party defendant (97-CV-1637): Richard Emory McGary, Attorney at Law, McGary & Wolfram, Arlington, TX.
For COAST MIDWEST TRANSPORT INC, counter-claimant (97-CV-1637): Randall Thomas Cox, Attorney at Law, Spencer Greene & Cox, Fort Worth, TX.
For CARGO-MASTER INC, counter-defendant (97-CV-1637): K Mark Vincent, Attorney at Law, Vial Hamilton Koch & Knox, Dallas, TX USA.
**JUDGES:** A. JOE FISH, United States District Judge.
**OPINION BY:** A. JOE FISH
**OPINION** Page 2 1998 U.S. Dist. LEXIS 12707, *

**MEMORANDUM ORDER**

After a review of the submissions and pleadings on file, the court concludes that the Northern District of Texas is not the proper venue for these actions.

Subject matter jurisdiction in these actions is premised on the existence of a claim under the Carmack Amendment to the Interstate Commerce Act, [*3] *49 U.S.C. § 14706 et seq.* 1 The Carmack Amendment pro-vides an express private right of action to shippers against motor carriers and freight forwarders for damage occurring during the interstate shipment of property. See *id. § 14706(d)*. This statute contains two specific venue provisions. First, in an action against a "delivering car-rier," venue is proper in a federal judicial district through which the defendant carrier operates. *Id. § 14706(d)(1)*. Second, in an action against a "carrier responsible for loss," venue is proper in the judicial district in which the loss is alleged to have occurred. *Id. § 14706(d)(2)*.

1 The amount in controversy, exclusive of inter-est and costs, falls well below the $ 75,000 threshold for diversity jurisdiction.

In the present case, the plaintiff Cargo-Master, Inc. ("Cargo-Master"), as assignee of a shipper Nicolaus Paper, Inc., seeks recovery from the defendant Coast Mid-west Transport, Inc. ("Coast"). Plaintiff's Original Com-plaint [*4] ("Complaint") at 3. Cargo-Master claims that a load of rolled saturated latex paper carried by Coast was damaged en route from Lockport, Louisiana to Franklin, Ohio. *Id.* at 2. Cargo-Master claims that venue is proper in the Northern District of Texas because Coast Midwest operates in Texas. *Id.*

The averments of Cargo-Master's complaint are in-sufficient to lay venue here. First, the state of Texas is divided into four judicial districts. *28 U.S.C. § 124*. An allegation that the defendant operates within the state says nothing about its operations within this district--the determinative fact for establishing venue under *49 U.S.C. § 14706(d)(1)*. Second, Cargo-Master does not contend that the alleged damage occurred in this district--the de-terminative fact for establishing venue under *49 U.S.C. § 14706(d)(2)*.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer, such case to any district or division in which it could have been brought." *28 U.S.C. § 1406(a)*. The parties [*5] have failed to establish that venue for these Carmack Amendment suits is proper in the Northern District of Texas. However, it is clear from the pleadings that these cases could have been brought in the Eastern District of Louisiana; the shipment in question originated in Lock-port, Lafourche Parish, Louisiana. *See 28 U.S.C. § 98(a)*; *49 U.S.C. § 14706(d)(1)*. Thus, in the interest of justice, these cases are **TRANSFERRED** to the **United States District Court for the Eastern District of Louisiana**. 2

2 *Seko Air Freight, Inc. v. Direct Transit, Inc., 859 F. Supp. 306 (N.D. Ill. 1994)*, is not to the contrary. That case was decided under a prior version of the statute, which expressly allowed venue of a civil action to be laid in the district where the principal place of business of the per-son bringing suit is located. *See 49 U.S.C. § 11707(d)(2)(A)(ii) (1994)*. Because Cargo-Master's principal place of business is alleged to be in this district and division, see Plaintiff's Original Complaint P 1.1, venue in this case would have been proper under that statutory pro-vision.

Public Law 104-88, the Interstate Commerce Commission Termination Act of 1995, abolished the Interstate Commerce Commission and trans-ferred its responsibilities to the Department of Transportation. It also recodified the old Inter-state Commerce Act at *49 U.S.C. §§ 10101-16106*. The recodified Act was intended to mod-ify and update the old Act significantly. *See, e.g.*, 141 Cong. Rec. H12248-02, H12255 (remarks of Representative Petri).

Under the plain language of the current statute, the residence or place of business of the plaintiff is not a factor in determining venue for a suit against a motor carrier. Rather, the operations of the carrier or the locus of the injury determines where a plaintiff may sue. *See 49 U.S.C. §§ 14706(d)(1)* and *(2)*. There is no allegation that the defendant Coast operates in this district, and the injury alleged could not have happened here.

[*6] **SO ORDERED**.

August 7, 1998.

A. JOE FISH

United States District Judge