McDERMOTT & RADZIK, LLP.
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street 21st Floor
New York, New York 10005
212-376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY
a/s/o GENTEX CORPORATION,

                          Plaintiff,

                  -against-

CENTRAL TRANSPORT INTERNATIONAL, INC.,

                        Defendant.
-------------------------------------------------------------X

ECF CASE

07 Civ. 7930 (GBD)

**DECLARATION OF
JAMES J. RUDDY**

      **JAMES J. RUDDY**, duly admitted to practice law before the Courts of this State and this Honorable Court, declares as follows:

1. I am a member of the firm of McDermott & Radzik, LLP, attorneys for plaintiff American Home Assurance Company a/s/o Gentex Corporation ("American Home").

2. I am fully familiar with all of the pleadings and proceedings herein and respectfully submit this declaration in support of plaintiff's motion for summary judgment holding defendant Central Transport International, Inc. ("CTI") liable for its breach of an agreed settlement.

3. This is an action for damage to used machinery during interstate truck transportation. American Home calculated the depreciated value of the used machinery and paid Gentex Corp. $112,499.38, after application of a $10,000.00 deductible. The Complaint also

seeks damages for breach of an agreed settlement of the underlying cargo claim in the amount of $80,000.00.

4. True and accurate copies of plaintiff's Amended Complaint dated January 23, 2008 (Exhibit 1) and defendant's Answer dated February 6, 2008 (Exhibit 2) are annexed hereto.

5. A true and accurate copy of the deposition transcript of CTI's Claims Analyst, David Christopher Rigelhof is annexed hereto as Exhibit 3.

6. A true and accurate copy of selected pages of the deposition of CTI's Claims Manager, Jeffrey Cackowski is annexed hereto as Exhibit 4.

7. Annexed are true and accurate copies of the following documentation produced by CTI during pre-trial discovery:

    (a) CTI's delivery receipt for the damaged machine (Exhibit 5);

    (b) CTI's claim screen status entry (Exhibit 6);

    (c) CTI's voucher check request (Exhibit 7); and

    (d) Settlement Agreement and Release (Exhibit 8).

8. By this motion plaintiff seeks summary judgment on the breach of the agreed settlement contract and intends to pursue the underlying cargo claim.

I declare under penalty of perjury under the laws of the United States of America that the above declaration is true and correct.

Executed this 25th day of August, 2008 at New York, New York

JAMES J. RUDDY