# EXHIBIT 1

**McDERMOTT & RADZIK, LLP**
Wall Street Plaza
88 Pine Street 21st Floor
New York, New York 10005-1801
Attorneys for Plaintiff
212-376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X



AMERICAN HOME ASSURANCE COMPANY
as subrogee of GENTEX CORPORATION,

                      Plaintiff,

          -against-

CENTRAL TRANSPORT INTERNATIONAL, INC.,

                    Defendant.

-----------------------------------------------------------X

**ECF CASE**

**AMENDED COMPLAINT**

07 CIV. 7930(GBD)

Plaintiff, AMERICAN HOME ASSURANCE COMPANY a/s/o GENTEX CORPORATION ("AMERICAN HOME"), by its attorneys, McDERMOTT & RADZIK, LLP, as and for its Amended Complaint, alleges upon information and belief, as follows:

### THE PARTIES

1. At and during all the times hereinafter mentioned, Plaintiff AMERICAN HOME is a corporation organized and existing under and by virtue of the laws of the State of New York, having an office and place of business at 175 Water Street, New York, New York 10038.

2. GENTEX CORPORATION ("GENTEX") is a corporation organized and existing under and by virtue of the laws of one of the States of the United States, with an office and place of business at 600 North Centennial Street, Zeeland, Michigan 49494.

3. AMERICAN HOME is the subrogated insurer of GENTEX and paid GENTEX under its policy of insurance for the loss sustained herein.

4. AMERICAN HOME brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and AMERICAN HOME is entitled to maintain this action.

5. At and during all the times hereinafter mentioned, Defendant CENTRAL TRANSPORT INTERNATIONAL, INC., (hereinafter "CENTRAL TRANSPORT") is a corporation organized and existing under and by virtue of the laws of the State of Michigan and acted as a common or contract carrier, freight forwarder, bailee and/or indirect carrier of merchandise for hire and has an office and place of business at 12225 Stephens Road, Warren, Michigan 48089.

## JURISDICTION

6. This is a claim under an Act of Congress regulating commerce with jurisdiction pursuant to 28 U.S.C. §1337 and 49 U.S.C. §14706.

7. Venue is proper in this District pursuant to 49 U.S.C. §14706(d)(1).

8. This Court has personal jurisdiction over the defendant, by reason of Defendant's presence and/or regular and systematic contacts with the State of New York.

9. CENTRAL TRANSPORT is authorized to do business in New York and has an agent for service of process in the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

10. Plaintiff repeats, reiterates and realleges paragraphs 1 through 9 with the same force and effect as if fully set forth herein.

11. On or about May 25, 2006, Defendant CENTRAL TRANSPORT, or its agents, received from Plaintiff's insured, in good order and condition, a certain versasert high speed insertion platform, to be transported by Defendant CENTRAL TRANSPORT, pursuant to Bill of Lading 495-288534-1, dated May 25, 2006, from Zeeland, Michigan to San Diego, California.

12. Defendant, or its agents, thereafter failed to deliver said shipment to the consignee in the same good order and condition, all in violation of its duties as a common or contract carrier of merchandise for hire and in deviation from its contractual and statutory obligations.

13. By reason of the premises, Plaintiff AMERICAN HOME has suffered monetary damages in the amount of $122,499.00, no part of which has been paid although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION (IN THE ALTERNATIVE)

14. Plaintiff repeats, reiterates and realleges paragraphs 1 through 13 with the same force and effect as if fully set forth herein.

15. On July 31, 2007, Plaintiff and Defendant reached a Settlement of the underlying cargo claim in the sum of $80,000.00.

16. The Settlement was negotiated and agreed to by Daniel G. McDermott on behalf of Plaintiff and David Rigelhof of the Claims Department of CENTRAL TRANSPORT.

17. The terms of the Settlement Agreement were memorialized in writing by letter dated July 31, 2007 and sent to Defendant to the Attention of David Rigelhof by U.S. mail and facsimile.

18. A follow-up letter was sent to Defendant on August 15, 2007 by U.S. mail and facsimile. No response was made by Defendant.

19. On August 15, 2007, Daniel G. McDermott telephoned Mr. Rigelhof who advised that the check was being processed and would be sent out on Tuesday (August 21, 2007).

20. On August 30, 2007, another letter was sent to Defendant requesting the agreed settlement funds but no reply was received.

21. To date, Defendant has failed to pay the agreed amount of $80,000.00 and accordingly has breached the Settlement Agreement.

**WHEREFORE**, Plaintiff AMERICAN HOME prays judgment be entered against Defendant CENTRAL TRANSPORT INTERNATIONAL, INC. in the amount of $122,499.00 on the First Cause of Action or in the alternative, $80,000.00 on the Second Cause of Action, together with interest, attorneys' fees, costs and the disbursements of this action, as well as such other and further relief this Court may deem just and proper.

Dated: New York, New York
       January 23, 2008

4

McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff

By: /s/ James J. Ruddy
James J. Ruddy (JR-6693)
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
212-376-6400
File: 7-07-7049 DGM/JJR

TO: Barry N. Gutterman, Esq.
Robert Briere, Esq.
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Central Transport International, Inc.
60 East 42nd Street 46th Floor
New York, New York 10165
212-983-1466

Charles L. Howard, Esq.
Keenan Cohen & Howard, P.C.
Attorneys for Defendant
Central Transport International, Inc.
One Pitcairn Place Suite 2400
165 Township Line Road
Jenkintown, PA 19046
212-609-1110

5