# EXHIBIT 2

Case 1:07-cv-07930-( )   Document 17   Filed 02/06/200   Page 1 of 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY a/s/o GENTEX CORPORATION<br><br>Plaintiff,<br><br>-against-<br><br>CENTRAL TRANSPORT INTERNATIONAL, INC.<br><br>Defendants. | CIVIL ACTION<br><br>NO.: 07-CV-7930(CBD)<br><br>**DEFENDANT CENTRAL TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |

Defendant, Central Transport International, Inc. ("CTI"), by and through its attorneys, Keenan Cohen & Howard P.C., hereby answers Plaintiff American Home Assurance Company ("AHAC") Amended Complaint and avers Affirmative Defenses, and in support thereof states as follows:

1. CTI is without sufficient knowledge and information upon which to form a belief as to the truth of said allegations contained in this paragraph. Specific proof of all said allegations is demanded at the time of trial.

2. CTI is without sufficient knowledge and information upon which to form a belief as to the truth of said allegations contained in this paragraph. Specific proof of all said allegations is demanded at the time of trial.

3. CTI is without sufficient knowledge and information upon which to form a belief as to the truth of said allegations contained in this paragraph. Specific proof of all said allegations is demanded at the time of trial.

4. CTI is without sufficient knowledge and information upon which to form a belief as to the truth of said allegations contained in this paragraph. Specific proof of all said allegations is demanded at the time of trial.

5. CTI admits that it is a corporation organized and existing under the laws of the State of Michigan, and that it has an office and place of business at 1225 Stephens Road, Warren, Michigan. CTI admits that it has acted as a common carrier for hire. CTI denies the remaining allegations of the corresponding paragraph of plaintiff's complaint.

6. The allegations of this paragraph contain conclusions of law to which no response is required.

7. The allegations of this paragraph contain conclusions of law to which no response is required.

8. The allegations of this paragraph contain conclusions of law to which no response is required.

9. Admitted.

10. CTI incorporates by reference its responses to paragraphs 1 – 9 above as if fully set forth herein.

11. CTI admits that, on or about May 25, 2006, it received freight from Gentex Corporation for shipment from Zeeland, Michigan to San Diego, California, and that said freight moved under a bill of lading, dated May 25, 2006. CTI is without sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in the corresponding paragraph of plaintiff's complaint. Specific proof of all said allegations is demanded at the time of trial.

12. CTI is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations in the corresponding paragraph of plaintiff's complaint. Specific proof of all said allegations is demanded at the time of trial. To the extent that this paragraph contains conclusions of law, no response is required.

13. CTI admits that plaintiff has demanded payment of $122,499.00, and that CTI has refused to pay said amount. CTI is without sufficient knowledge and information upon which to form a belief as to the truth of the remaining averments in the corresponding paragraph of plaintiff's complaint. Specific proof of all said averments is demanded at the time of trial.

14. CTI incorporates by reference its responses to paragraphs 1 – 13 above as if fully set forth herein.

15. Denied. Defendant's representative informed plaintiff's representative that any settlement agreement would be and must be subject to approval by CTI's upper management. CTI's management never approved any settlement agreement and, therefore, CTI denies the existence of the Settlement agreement as alleged by plaintiff.

16. Denied. Daniel G. McDermott, on behalf of the plaintiff and David Rigelhof, on behalf of CTI discussed a prospective settlement of the underlying cargo claim, subject to approval by CTI's management. For the reasons set forth in paragraph 15 above, CTI denies the existence of the Settlement agreement as alleged by plaintiff.

17. Admitted in part. Denied in part. CTI admits that a letter was received by David Rigelhof from Defendant which memorialized a prospective agreement which had been discussed by Mr. Rigelhof and Plaintiff. CTI admits that the letter was dated July 31, 2007, and that it was sent by U.S. mail and facsimile. CTI denies that any final settlement agreement of the underlying cargo claim was ever entered into with Plaintiff.

18. Admitted.

19. Denied.

20. CTI is without sufficient knowledge and information upon which to form a belief as to the truth of the averments in the corresponding paragraph of plaintiff's complaint and, therefore, denies same.

21. Admitted in part. Denied in part. CTI admits that it has not paid Plaintiff $80,000. CTI denies the existence of the alleged Settlement Agreement and, therefore, denies that it breached same.

**WHEREFORE**, defendant, Central Transport International, Inc., demands judgment in its favor and against plaintiff, American Home Assurance Company, dismissing the Complaint with prejudice.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim, in whole or part, against CTI upon which relief can be granted.

2. Any damages allegedly sustained by Plaintiff or Plaintiff's insured are the result of acts, errors or omissions or breaches by other third-parties, persons or entities over which CTI has no responsibility or control.

3. To the extent that Plaintiff or Plaintiff's insured has incurred any losses or damages, it has failed to mitigate said losses or damages.

4. Plaintiff has failed to aver facts necessary for recovery of lost profits, incidental, consequential, special and punitive damages.

5. Plaintiff has failed to aver facts necessary to establish that CTI breached a duty that resulted in Plaintiff sustaining damages.

6. The alleged loss of the freight at issue was caused in whole or in part by improper documentation, inadequate instructions, and negligence of Plaintiff's insured or its agents.

7. Plaintiff's claims are barred and/or limited pursuant to the terms of the applicable Bill of Lading, applicable tariffs and contractual limitations.

8. CTI states that the shipments as alleged in plaintiff's Complaint were subject to the provisions of the Carmack Amendment, 49 U.S.C. § 14706, which provides affirmative defenses which CTI asserts in pertinent parts as follows:

   (a.) acts of God;

   (b.) act(s) of public enemy;

   (c.) acts or omission of shipper himself;

   (d.) act(s) of public authority;

   (e.) inherent vice or nature of goods.

9. CTI reserves its right to assert any additional defenses that may arise through discovery or otherwise.

**WHEREFORE**, defendant, Central Transport International, Inc., demands judgment in its favor and against plaintiff, American Home Assurance Company, dismissing the Complaint with prejudice.

                        **KEENAN COHEN & HOWARD P.C.**

By:    /s/Charles L. Howard
        Charles L. Howard
        One Pitcairn Place, Suite 2400
        165 Township Line Road
        Jenkintown, PA 19046
        Telephone:  (215) 609-1110
        Facsimile:   (215) 609-1117

        Attorneys for Defendant
        Central Transport International, Inc.

Dated: February 6, 2008

## CERTIFICATE OF SERVICE

I, Charles L. Howard, hereby certify that on February 6, 2008, a true and correct copy of the foregoing Defendant Central Transport International, Inc.'s Answer and Affirmative Defenses to Amended Complaint was filed electronically. Notice of this filing will be sent to the following counsel, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>James J. Ruddy Esquire
>McDermott & Radzik, LLP
>Wall Street Plaza
>88 Pine Street
>New York, NY 10005

By:   /s/Charles L. Howard
      Charles L. Howard