McDERMOTT & RADZIK, LLP.
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street  21st Floor
New York, New York  10005
212-376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY
a/s/o GENTEX CORPORATION,

                    Plaintiff,

        -against-

CENTRAL TRANSPORT INTERNATIONAL, INC.,

                    Defendant.

-------------------------------------------------------------------X

ECF CASE

07 Civ. 7930 (GBD)

**DECLARATION OF
JAMES NASSO**

**JAMES T. NASSO**, declares as follows:

1. I have been employed by AI Marine Adjusters, Inc., the claim adjusting and subrogation affiliate of plaintiff, American Home Assurance Company ("American Home") for 14 years as its Subrogation Manager. I have been handling cargo transportation claims for the past 31 years.

2. American Home is the subrogated cargo insurer of Gentex Corp. which shipped a high precision, fully operational insertion machine to California for a software update in May 2006.

3. Defendant, Central Transport International, Inc. ("CTI") trucked the three year old machine from Michigan to California under B/L 495-288534-1 (Exhibit 9) and during

transit, somehow dropped a large automobile transmission onto the Gentex machine. The severely damaged machine was inspected in California and declared a total loss.

4. The depreciated value of the used machine was calculated to be $122,499.38 and after application of the $10,000.00 deductible, Gentex Corp. was paid $112,499.38 by American Home. A true and accurate copy of the Subrogation Receipt is annexed as Exhibit 10.

5. I presented the subrogation claim to CTI on February 7, 2007 (Exhibit "11") and despite extensive communications with CTI's Claims Manager, Jeffrey Cackowski, we were unable to settle the cargo claim.

6. Thereafter, on July 16, 2007, I assigned the file to subrogation counsel, Daniel McDermott, Esq. of McDermott & Radzik, LLP for further handling.

7. During the next several weeks, Mr. McDermott kept me apprised of material developments, including settlement negotiations.

8. On July 20, 2007, I directed Mr. McDermott to reject Mr. Cackowski's $50,000.00 settlement offer and to counter with a $100,000.00 demand.

9. On July 31, 2007, I authorized Mr. McDermott to settle the Gentex claim with CTI for $80,000.00.

10. In my years of handling cargo claims, claim representatives of transportation companies are presumed to have settlement authority, unless they advise explicitly to the contrary. This is so because their primary job function is to settle or deny claims.

I declare under penalty of perjury under the laws of the United States of America that the above declaration is true and correct.

Executed this 26th day of August, 2008 at New York, New York

                                      _/s/ James T. Nasso_____
                                      James T. Nasso