McDERMOTT & RADZIK, LLP.
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street  21st Floor
New York, New York  10005
212-376-6400


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY
a/s/o GENTEX CORPORATION,                                    ECF CASE

                            Plaintiff,                       07 Civ. 7930 (GBD)

            -against-                                        **DECLARATION OF
                                                             DANIEL G. McDERMOTT**

CENTRAL TRANSPORT INTERNATIONAL, INC.,

                            Defendant.

------------------------------------------------------------------------X

          DANIEL G. McDERMOTT, duly admitted to practice law before the Courts of this State

and this Honorable Court, declares that the following statements are true:

1.        I am a member of the firm of McDermott & Radzik, LLP, attorneys for plaintiff

          American Home Assurance Company ("American Home") and handled this matter from

          receipt of the file from our client on July 16, 2007 up to the commencement of suit in

          September 2007.

2.        I am fully familiar with the facts and circumstances of this matter and respectfully submit

          this declaration in support of plaintiff's motion for summary judgment holding defendant

          Central Transport International, Inc. ("CTI") liable for breach of its agreed settlement in

          the amount of $80,000.00.

3.    This firm was retained by plaintiff on July 16, 2007 to pursue subrogation against CTI for damage and loss to machinery during interstate transportation and on the same day I wrote CTI advising of our involvement (Exhibit 12).

4.    On July 19, 2007, CTI's Claims Analyst David Rigelhof called me to advise that a settlement offer of $50,000.00 was previously tendered to plaintiff on May 23, 2007 by CTI's Claims Manager, Jeffrey Cackowski (Exhibit 13). I responded to Mr. Rigelhof by letter of July 20, 2007 (Exhibit 14) rejecting the $50,000.00 offer and countered with a $100,000.00 demand.

5.    On July 31, 2007, I spoke with Mr. Rigelhof by telephone and we negotiated an $80,000.00 settlement as reflected in my handwritten, contemporaneous notes on Exhibit 14. Mr. Nasso approved the figure and Mr. Rigelhof confirmed that his "boss" authorized the $80,000.00 settlement. Later that day, I memorialized the settlement in writing to CTI (Exhibit 15).

6.    On Wednesday, August 15, 2007 (Exhibit 16), I followed up for the settlement funds and then spoke with Mr. Rigelhof who told me the settlement check "would be mailed on Tuesday", presumably August 19, 2007.

7.    When the settlement check was not received by August 30, 2007, I again wrote Mr. Rigelhof demanding payment (Exhibit 17). Receiving no response, I called CTI on September 5, 2007 and was told that "there's an issue" and the matter was with the "legal department" without further explanation.

8.    It became evident to me that we were being misled by CTI and accordingly this suit was filed on September 10, 2007.

9.  Prior to the commencement of the suit, Mr. Rigelhof never advised me that he did not have authority to agree to the $80,000.00 settlement.

10. Prior to the commencement of the suit, CTI never advised me that Mr. Rigelhof did not have authority to agree to the $80,000.00 settlement.

11. Prior to the commencement of the suit, Mr. Rigelhof never advised me that the $80,000.00 settlement was rejected.

12. Prior to the commencement of the suit, CTI never advised me that the $80,000.00 settlement was rejected.

I declare under penalty of perjury under the laws of the United States of America that the above declaration is true and correct.

Executed this 26th day of August, 2008 at New York, New York

Daniel G. McDermott

3