McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street  21st Floor
New York, New York  10005
212-376-6400


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY
a/s/o GENTEX CORPORATION,

                            Plaintiff,              07 CIV 7930 (GBD)

        -against-

CENTRAL TRANSPORT INTERNATIONAL, INC.,

                            Defendant.

-------------------------------------------------------------------X




**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF THE
MOTION FOR SUMMARY JUDGMENT**




James J. Ruddy
Of Counsel

## PRELIMINARY STATEMENT

Plaintiff, American Home Assurance Company a/s/o Gentex Corporation ("American Home"), respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 56(a), for an order granting summary judgment against Defendant, Central Transport International, Inc. ("CTI") on the ground that CTI breached its agreement to settle the underlying cargo claim.

American Home presented its subrogation claim in the amount of $122,499.38 to CTI for damage to machinery which occurred during interstate truck transportation from Michigan to California.  When the parties were unable to resolve the cargo claim, American Home retained the law firm of McDermott & Radzik, LLP to pursue the claim.  Prior to this suit being filed, American Home's counsel settled the cargo claim with CTI for $80,000.00 but CTI reneged on the agreed settlement.

This suit was commenced against CTI on September 10, 2007 and Plaintiff filed its Amended Complaint on January 23, 2008.  The first cause of action alleges damage and loss to the cargo during interstate truck transportation while the second cause of action seeks relief for breaching the agreed settlement of the underlying cargo claim.[1]

Because this is a claim under an Act of Congress regulating commerce, this Court has jurisdiction pursuant to 28 U.S.C. §1337 and 49 U.S.C. §14706 and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

---

[1] Plaintiff moves only with respect to the breach of the agreed settlement and intends to proceed on the underlying cargo claim.

## STATEMENT OF UNDISPUTED FACTS

The material facts not in dispute are set forth in Plaintiff's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1(a), to which this Court is respectfully referred.[2]  Briefly, the relevant facts are as follows:

American Home filed a subrogation claim against CTI in the amount of $122,499.38 for cargo damage to machinery during interstate truck transportation from Michigan to California. ¶¶1, 2, 3 and 4.

Thereafter, CTI settled the cargo claim with American Home's subrogation counsel for $80,000.00 but CTI has refused to pay the settlement amount.  ¶¶10, 11, 12 and 13.

## THE RECORD CLEARLY ESTABLISHES CTI'S BREACH AS A MATTER OF LAW; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, THEREFORE, SHOULD BE GRANTED

1.    The Standard For Summary Judgment

Summary judgment shall be rendered forthwith if the evidence offered demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). Here, the record establishes that CTI agreed to the $80,000.00 settlement and thereafter breached the agreement by refusing to make payment.

A party seeking summary judgment must demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this initial burden, then the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of fact exists. *Weg v. Macchiarola*, 995 F.2d 15, 17 (2d

---

[2] The references herein are to the numbered paragraphs and related exhibits in Plaintiff's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1(a).

Cir. 1993). The nonmovant must do more than present evidence that is merely colorable, conclusory, or speculative and must present "concrete evidence from which a reasonable juror could return a verdict in his favor...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant must do more than show "some metaphysical doubt as to the material facts". *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, (1986).

2.     An Enforceable Settlement Agreement Between CTI and American Home Was Reached

Apparently, CTI does not and cannot dispute that Messrs. Daniel McDermott and David Rigelhof settled the cargo claim by telephone for $80,000.00 on July 31, 2007. ¶10. Under New York law, parties are free to enter into a binding contract without memorializing their agreement in fully executed documents. *Grupa Sistenas Integrales De Telecomunicacion S.A. De C.V. v. AT&T Communications,* 1994 U.S. Dist. LEXIS 11896, 6 (S.D.N.Y. Aug. 19, 1994); *Lazard Freres & Co. v. Protective Life Insurance Company*, 108 F.3d 1531, 1537 (2d. Cir. 1997), *cert. denied* 522 U.S. 864 (1997).

Rather, CTI will likely argue that its employee and Cargo Claim Analyst, Mr. Rigelhof, was not authorized to settle the claim. This contention ignores the realities of the case and governing law.

An employee acts within the scope of his employment when both (1) "he is doing something in furtherance of the duties he owes to his employer", and (2) "the employer is, or could be exercising some control, directly or indirectly, over the employees activities". *Lundberg v. State*, 25 N.Y.2d 467 (N.Y. 1969); *Hamm v. United States*, 483 F.3d 135, 138 (2d Cir. 2007).

CTI's own deposition testimony and actions prove that David Rigelhof had actual and apparent authority to settle the claim. Mr. Rigelhof testified and candidly admitted that he was

not only assigned to handle the claim, but was instructed by Jeffrey Cackowski, CTI's Claims Manager, to settle the claim with Mr. McDermott for an amount between $50,000.00 and $122,499.38. ¶¶7 and 20. Mr. Rigelhof readily conceded that he settled the case with Mr. McDermott on July 31, 2007 for $80,000.00 (¶10) and noted the status of the claim in CTI's computer system as "settled" for $80,000.00 (¶¶16 and 17). Thereafter, CTI prepared a Settlement Agreement and Release ¶18 but now disingenuously refuses to disclose by whom and when it was drafted.

After the settlement was agreed to by both parties, letters confirming the settlement were faxed and mailed by Mr. McDermott to CTI on July 31, August 15 and August 30, 2007 ¶¶12, 13 and 14. Yet no one at CTI, including Messrs. Cackowski, Rigelhof or CTI's in-house counsels, ever objected or responded to the written confirmations of settlement and demands for payment. ¶¶21 and 22. Strikingly, CTI never advised or communicated that the settlement was rejected. ¶¶23 and 24. Although the record is replete with documentation verifying the $80,000.00 settlement (¶¶12, 13, 14, 16, 17, and 18), CTI has failed to produce any documentation refuting the settlement. ¶¶25.

CTI is attempting to finagle its way out of a valid agreement by asserting that the party conducting settlement negotiations lacked the necessary authority. A principal is estopped from denying the apparent authority of its agent when it remains "silent when he had the opportunity of speaking and when he knew or ought to have known that his silence would be relied upon and that action would be taken or omitted which his statement of truth would prevent. *Trustees of the Am. Fed'n of Musicians & Employers' Pension Fund v. Steven Scott Enterprises, Inc.*, 40 F.Supp.2d 503, 511 (S.D.N.Y. 1999); *Scientific Holding Co. v. Plessey, Inc.*, 510 F.2d 15 (2d Cir. 1974). Mr. Rigelhof was a Cargo Claim Analyst for CTI and his job was to resolve claims.

In this instance, his manager specifically instructed him to settle the claim. ¶20.  Clearly,

he possessed actual and apparent authority to do so.  *Chilsan Merchant Marine Co. v. M/V K*

*Fortune*, 110 F.Supp. 2d 492, 497(E.D. La. 2000).  As stated in *Chilsan, supra* at 499, Federal

courts have held under a great variety of circumstances that a settlement agreement once entered

into cannot be repudiated by either party and will be summarily enforced.  *Strange v. Gulf &*

*South American S.S. Co., Inc.*, 495 F.2d 1235, 1236 (5th Cir. 1974), citing *Hennessy v. Bacon*,

137 U.S. 78 (1890).

## CONCLUSION

Plaintiff should be granted summary judgment against Defendant, Central Transport

International, Inc., for breach of contract in the amount of $80,000.00 plus interest from July 31,

2007 together with the costs and disbursements of their action.


Dated:  New York, New York
        August 26, 2008


                          McDERMOTT & RADZIK, LLP
                          Attorneys for Plaintiff

                  By:

                          James J. Ruddy (JR-6693)
                          Wall Street Plaza
                          88 Pine Street, 21st Floor
                          New York, New York 10005
                          (212) 376-6400

TO:     Charles L. Howard, Esq.
        KEENAN, COHEN & HOWARD, P.C.
        Attorneys for Defendant
        One Pitcairn Place, Suite 2400
        165 Township Line Road
        Jenkintown, PA 19046
        (215) 609-1110
        Ref.:  1847-019


6