McDermott & Radzik, LLP
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York  10005
212-376-6400


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

AMERICAN HOME ASSURANCE
COMPANY a/s/o GENTEX CORPORATION,

                                        Plaintiff,

                 -against-

CENTRAL TRANSPORT INTERNATIONAL, INC.

                                        Defendant.

-----------------------------------------------------------------X

**ECF CASE**

**PLAINTIFF'S STATEMENT OF
UNDISPUTED FACTS
PURSUANT TO LOCAL
CIVIL RULE 56.1(a)**

07 CIV 7930 (GBD)

Plaintiff, American Home Assurance Company a/s/o Gentex Corporation ("American Home"), by its attorneys, McDermott & Radzik, LLP, pursuant to Local Civil Rule 56.1(a) of this Court, respectfully contends that no genuine issues of material fact exist as to the following facts:

1.    On or about May 25, 2006, Central Transport International, Inc. ("CTI") received a shipment of machinery from Gentex Corporation for transportation from Michigan to California pursuant to B/L 495-288534-1.   Declaration of James T. Nasso, ("Nasso Dec.") ¶3; Exhibit 9.

2.    The machinery was damaged during the transportation from Michigan to California. Nasso Dec. ¶3; Exhibit 5.

3.    The damaged machine was declared a total loss and American Home paid Gentex $112,499.38 after application of the $10,000.00 deductible.  Nasso Dec. ¶¶3 and 4; Exhibit 10.

4.    American Home filed its subrogation claim with CTI on February 7, 2007 but the parties were unable to resolve the claim.  Nasso Dec. ¶5; Exhibit 11.

5.    As a result, Mr. Nasso retained the law firm of McDermott & Radzik, LLP to pursue subrogation on the cargo claim against CTI.  Nasso Dec. ¶7; Declaration of Daniel G. McDermott, ("McDermott Dec.") ¶3.

6.    On July 16, 2007, Mr. McDermott wrote Jeffrey Cackowski, CTI's Claims Manager, who was then handling the claim, to advise of McDermott & Radzik, LLP's retention. McDermott Dec. ¶3; Exhibit 12.

7.    Upon receipt of Mr. McDermott's letter, Mr. Cackowski reassigned the claim handling to David Rigelhof, a CTI Claims Analyst.   Rigelhof Deposition Transcript ("Rigelhof Dep.") pp. 7-8, ll. 9-25 and 1-4; Cackowski Deposition Transcript ("Cackowski Dep.") pp. 37-38, ll. 23-25 and 1-15; p. 104, ll. 11-25.

8.    On July 19, 2007, CTI's David Rigelhof called Mr. McDermott to advise that a settlement offer of $50,000.00 was previously tendered to plaintiff on May 23, 2007 by CTI's Claims Manager, Jeffrey Cackowski. McDermott Dec. ¶4; Exhibit 13.

9.    Mr. McDermott responded to Mr. Rigelhof by letter of July 20, 2007 rejecting the $50,000.00 offer and countered with a $100,000.00 demand.  Exhibit 14.

10.   On July 31, 2007, Mr. McDermott spoke with Mr. Rigelhof by telephone and they negotiated an $80,000.00 settlement.  McDermott Dec. ¶5. Rigelhof Dept. pp. 10-11, ll. 14-25 and 1-9; p. 12, ll. 7-25; p. 13., ll. 5-9; p. 17, ll. 1-21.

11. Mr. Nasso approved the settlement and later that day Mr. Rigelhof confirmed that his "boss" authorized the $80,000.00 settlement. Nasso Dec. ¶9; McDermott Dec. ¶5.

12. That same day, Mr. McDermott memorialized the settlement agreement in writing to CTI. Exhibit 15.

13. On August 15, 2007, Mr. McDermott followed up for the settlement funds in writing and then spoke with Mr. Rigelhof who told him the settlement check "would be mailed on Tuesday", presumably August 19, 2007. McDermott Dec. ¶6; Exhibit 16.

14. When the settlement check was not received by August 30, 2007, Mr. McDermott again wrote Mr. Rigelhof for the agreed settlement funds. McDermott Dec. ¶7; Exhibit 17.

15. Receiving no response, Mr. McDermott called CTI on September 5, 2007 and was told that there was "an issue" and the matter was with the "legal department" without further explanation. McDermott Dec. ¶7; Exhibit 17.

16. On or about August 1, 2007, CTI made entries to its claim screen status confirming the $80,000.00 settlement. Exhibit 6.

17. On or about August 8, 2007, CTI generated a voucher check request confirming the $80,000.00 settlement. Exhibit 7.

18. CTI prepared a Settlement Agreement and Release confirming the $80,000.00 settlement. Exhibit 8.

19. Mr. Rigelhof had apparent authority to settle the case with Mr. McDermott. Cackowski Dep. p. 58, ll. 11-16; Nasso Dec. ¶10.

20. Mr. Rigelhof had actual authority to settle the case with Mr. McDermott as he was instructed by Mr. Cackowski to settle the case for an amount between the claim amount

i.e., $122,499.38 and the previously offered $50,000.00 settlement. Rigelhof Dep. p. 20, ll. 8-17.

21.    Prior to the commencement of the suit, Mr. Rigelhof never advised Mr. McDermott that he did not have authority to agree to the $80,000.00 settlement. Rigelhof Dep. pp. 32-33, ll. 25 and 1-2.

22.    Prior to the commencement of the suit, CTI never advised Mr. McDermott that Mr. Rigelhof did not have authority to agree to the $80,000.00 settlement. Cackowski Dep. p. 59, ll. 10-25.

23.    Prior to the commencement of the suit, Mr. Rigelhof never advised orally or in writing that the $80,000.00 settlement was rejected. Rigelhof Dep. p. 26, ll. 11-20.

24.    Prior to the commencement of the suit, CTI never advised orally or in writing that the $80,000.00 was rejected. Cackowski Dep. p. 100, ll. 20-25.

25.    CTI has no documention demonstrating that the $80,000.00 settlement was rejected prior to the commencement of suit. Rigelhof Dep. p. 33, ll. 20-22; Cackowski Dep. p. 100, ll. 9-18.

Dated: New York, New York
       August 26, 2008

                                        McDERMOTT & RADZIK, LLP
                                        Attorneys for Plaintiff

                            By:         _____
                                        James J. Ruddy (JR-6093)
                                        Wall Street Plaza
                                        88 Pine Street
                                        New York, New York  10005
                                        212-376-6400
                                        7-07-7049 DGM/JJR

4