Charles L. Howard (admitted pro hac vice)
KEENAN COHEN & HOWARD P.C.
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
 (215) 609-1110

Attorneys for Defendant
Central Transport International, Inc.

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY a/s/o GENTEX CORPORATION<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CENTRAL TRANSPORT INTERNATIONAL, INC.,<br><br>　　　　　　　　Defendant. | **CIVIL ACTION**<br><br>**NO.  07-CV-7930 (CBD)**<br><br>**DEFENDANT CENTRAL TRANSPORT INTERNATIONAL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(b)** |

Defendant, Central Transport International, Inc., ("CTI"), hereby moves this Court for an Order granting summary judgment in its favor and against plaintiff, American Home Assurance Company ("AHAC") a/s/o Gentex Corporation ("Gentex,") as to all claims asserted by Plaintiff for the reasons set forth in the accompanying memorandum of law.

**I.　SUMMARY OF UNDISPUTED MATERIAL FACTS**

In accordance with the local rules of this court, annexed to this motion and memorandum of law is a full and concise statement of material facts which are undisputed in this matter.

In May 2006, Gentex tendered used machinery (the "Freight") to CTI, a motor carrier, for transport from Michigan to California.  Following its arrival at its destination in California,

Gentex submitted a claim to its insurance carrier, AHAC, for damage to the Freight. AHAC paid Gentex for the claim in the amount of $112,499.38 (subject to a $10,000 deductible) and Gentex agreed to subrogate all of its rights of recovery to AHAC against potentially liable parties. AHAC submitted a demand to CTI for the damages in the amount of $122,499.38, which CTI refused to pay. AHAC 30(b)(6) designee presented no knowledge of the preparation of the Freight for transportation to its destination, including but not limited, to the loading of the Freight into the trailer in which it was shipped.

AHAC's designee presented no evidence of the packing procedure as it pertains to the Freight. More importantly, AHAC's designee presented no evidence of the condition of the Freight when Gentex tendered it to CTI for delivery, i.e. the condition of the Freight at origin.

## II.    PROCEDURAL HISTORY

Plaintiff filed its Complaint on September 10, 2007, asserting claims for breach of contract and bailment, negligence, and breach of settlement agreement (in the alternative.) On November 2, 2007, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Fed R. Civ. P 12(b)(3) or, in the alternative to transfer venue to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). This Court denied Defendant's motion on January 15, 2008. Plaintiffs filed their Amended Complaint on January 23, 2008, asserting only a claim pursuant to 49 U.S.C. § 14706 (Carmack Amendment.) Discovery ended on June, 27, 2008.

### III. ARGUMENT

#### A. Summary Judgment Standard

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the district court must construe all reasonable inferences in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) Fed. R. Civ. P. 56(c). The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or if it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and mandates the entry of summary judgment for the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 – 23, 106 S. Ct. 2548, (1986).

#### B. Plaintiff has not met its burden of establishing the condition of the Freight when tendered to CTI.

Plaintiff bases its claim on the Carmack Amendment which is set forth at 49 U.S.C. § 14706. In order to establish a *prima facie* case under the Carmack Amendment for damage to Freight against a motor carrier, a plaintiff must establish (1) that the freight was in good condition at origin, (2) that it was in damaged condition at destination, and (3) specific monetary damages. Missouri Pacific R.R. v. Elmore & Stahl, 377 U.S. 134, 137, 84 S. Ct. 1142, 1144 (1964); Project Hope v. M/V Ibn Sina, 250 F.3d 67, 75 (2d Cir. 2001). Failure to show "by adequate proof or by a preponderance of the evidence that the goods were tendered to [the carrier] in good condition" is grounds for summary judgment in favor of the carrier and against

3

the plaintiff on a Carmack claim. United Van Lines, LLC v. Marks et al., 404 F. Supp. 2d 954, 959 & 961 (S.D.Tex. 2005).

A plaintiff may satisfy its burden that the goods were delivered to the carrier in good condition "by the proffer of a clean bill of lading for the shipment, provided that the cargo was packaged in a way that permitted its inspection by the carrier." Sec. Ins. Co. v. Old Dominion Freight Line, Inc., 391 F. 3d 77, 83 (2d Cir. 2004). A clean bill of lading, however, is insufficient evidence of condition at origin if the contents of a shipment "are not visible or open for inspection." Id. In instances when the freight is not open and visible for inspection, "the shipper must present additional evidence, either direct or circumstantial, in order to establish the initial contents and condition of the cargo." Id. at 84.

In order to determine what evidence, if any, plaintiff had concerning the condition of the Freight at origin, CTI noticed the 30(b)(6) deposition of AHAC. Among the matters of examination identified by CTI in its notice of deposition was "[t]he condition of the Shipment at origin and the identity of all individuals with personal knowledge of same."[1] AHAC designated James Nasso to testify in response to CTI's deposition notice. Mr. Nasso testified that he had reviewed the matters of examination, and that he was prepared to testify about each of the topics identified therein. Nasso Deposition, 7:14-8: 4. Mr. Nasso, however, had no knowledge of the condition of the Freight at origin, nor could he identify anyone who would have such knowledge. Defendant's Concise Statement of Material Facts in Support of Its Motion for Partial Summary Judgment, at ¶ 8. He had no information about how the Freight was packed, other than the fact that it had been packed in wooden crates. Id. at ¶ 9.

---

[1]  AHAC produced Mr. Nasso to testify on its behalf in response to CTI's notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6). A copy of CTI's 30(b)(6) deposition notice was attached as Exhibit 1 to the Nasso Deposition. and is attached as Exhibit D to the Declaration of Charles L. Howard in Support of Defendant's Motion for Partial Summary Judgment.

It is undisputed that the Freight had been packed in a wooden crate, and that it was not open and visible for inspection by CTI. That fact alone precludes AHAC from relying on the bill of lading as evidence sufficient to establish condition at origin. Instead, AHAC must come forward with either "direct or circumstantial evidence" from someone "who inspected, or tested, or at the very least observed the freight before it was given to the motor carrier." See Ins. Co. v. Old Dominion, 391 F. 3d at 84; see also Beta Spawn, Inc. v. FFE Transportation Services, Inc., 250 F.3d 218, 225- 226 (3d Cir. 2001). When given the opportunity to do so, Mr. Nasso, as AHAC's 30(b)(6) designee on that issue, could not produce that evidence.

Notwithstanding the fact that CTI had identified the condition of the Freight at origin as a "30(b)(6) topic," the AHAC designee testified that he had no knowledge of the Freight's condition at origin and could not identify anyone who could attest to the Freight's condition at the point of origin, its packing procedure or even the persons involved in the packing, and/or the loading of the Freight. An individual designated to testify in response to a 30(b)(6) deposition notice testifies as a representative of the noticed entity, and his answers bind that entity. ." Sabre v. First Dominion Capital, L.L.C., 2001 U.S. Dist. LEXIS 20637, *2, 01-Civ-2145 (BSJ)(HBP) (December 10, 2001 S.D.N.Y)[2][3] (citing 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994)). The designee is responsible for providing all the relevant information "known or reasonably available to the entity." Id.

AHAC failed to produce any evidence of the condition of the Freight at origin. Accordingly, this Court must grant summary judgment in CTI's favor and against AHAC on AHAC's Carmack claim.

---

[2]  A copy of this unpublished decision is attached as Exhibit E to the Howard Decl.

## **CONCLUSION**

     Based on the record developed in this case, Plaintiff cannot satisfy its burden of showing that the condition of the Freight at origin and, therefore, cannot prove its *prima facie* case. Plaintiffs have offered no evidence of the condition of the Freight at origin. This Court must enter summary judgment in favor of CTI and against AHAC as a matter of law.

                                      **KEENAN COHEN & HOWARD P.C.**

                          By:   /s/ Charles L. Howard
                                  Charles L. Howard
                                  One Pitcairn Place, Suite 2400
                                  165 Township Line Road
                                  Jenkintown, PA 19046
                                  Telephone: (215) 609-1110
                                  Facsimile:    (215) 609-1117

                                  Attorneys for Defendant
                                  Central Transport International, Inc.

Dated: August 27, 2008

## **CERTIFICATE OF SERVICE**

    I, the undersigned counsel, hereby certify that on August 27, 2008, a true and correct copy of the foregoing Defendant's Memorandum of Law in Support of Its Motion for Partial Summary Judgment was filed electronically.  Notice of this filing will be sent to the following counsel, listed below, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

James J. Ruddy, Esquire<br>
McDermott & Radzik, LLP<br>
Wall Street Plaza<br>
88 Pine Street 21st Floor<br>
New York, New York 100005

                                          By:    /s/ Charles L. Howard_____
                                                        Charles L. Howard