Charles L. Howard (admitted pro hac vice)
KEENAN COHEN & HOWARD P.C.
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
 (215) 609-1110

Attorneys for Defendant
Central Transport International, Inc.

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY a/s/o GENTEX CORPORATION<br><br>                              Plaintiff,<br><br>                v.<br><br>CENTRAL TRANSPORT INTERNATIONAL, INC.,<br><br>                              Defendant. | **ECF CASE**<br><br>**NO. 07-CV-7930 (GBD)**<br><br>**DEFENDANT'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO LOCAL CIVIL RULE 56.1(a)** |

   Defendant, Central Transport International, Inc. ("CTI"), by its attorney, Keenan Cohen & Howard, pursuant to Local Civil Rule 56.1(b) of this Court, respectfully contends that no genuine issues of material facts exist as to the following facts:

   1.   Gentex Corporation ("Gentex,") is a corporation with an office and a place of business located at 600 North Centennial Street, Zeeland, Michigan 49494.  Plaintiff's Amended Complaint ("Plaintiff's Amended Complaint") at ¶ 2, Docket Entry No 16.

2.	Defendant CTI is engaged in the transportation business, acting as a motor common carrier. Plaintiff's Amended Complaint at ¶ 5.

3.	American Home Assurance Company ("AHAC") is the subrogated insurer of Gentex. Plaintiff's Amended Complaint at ¶ 3.

4.	In May 2006, Gentex tendered used machinery to CTI for transport from Michigan to California and following its arrival at its destination in California, Gentex submitted a claim to its insurance carrier, AHAC, for alleged damage to the used machinery. See Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint For Improper Venue Or In the Alternative to Transfer Pursuant to 28 USC § 1404(a), at 2, Docket Entry No. 11.

5.	On or about February 16, 2007, AHAC paid Gentex on its claim in the amount of $112,499.38 (subject to a $10,000 deductible), and Gentex agreed to subrogate all of its rights of recovery to AHAC against potentially liable parties. See "Subrogation Receipt" attached as Exhibit A to Declaration of Charles L. Howard in Support of Defendant's Motion for Partial Summary Judgment ("Howard Decl.").[1]

6.	As consideration for AHAC's payment, Gentex agreed, *inter alia*, to assist AHAC in obtaining recovery of the monies paid to Gentex from CTI. See Subrogation Receipt. (Exhibit A to Howard Decl.)

7.	AHAC, as the subrogated insurer of Gentex, brought suit against CTI for the damages in the amount of $122,499.38. Plaintiff's Amended Complaint at ¶ 13.

---

[1] AHAC produced Mr. James T. Nasso to testify on its behalf in response to CTI's notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6). The Subrogation Receipt was attached as Exhibit 6 to Mr. Nasso's deposition. ("Nasso Deposition"). See also Nasso Deposition, relevant excerpts from which are attached as Exhibit B to the Howard Decl., at 52:7-22.

8.      AHAC (1) has no knowledge of the condition of the Freight at its point of origin, (2) did not make any effort to determine the condition of the Freight at origin and (3) could not identify anyone who had knowledge of the Freight's condition at the point of origin.  Nasso Deposition, 11:12-12:24; 13:9-16; 26:17-27:2.

9.      Other than the fact that the Freight was packed in a "wooden crate," AHAC has no knowledge of how the Freight was packed at the point of origin.  Nasso Deposition, 29:2-4; 33:18-34:24.  "Bill of Lading" attached as Exhibit C to Howard Decl.[2]

                                                        **KEENAN COHEN & HOWARD P.C.**

                                        By:     /s/ Charles L. Howard
                                                Charles L. Howard
                                                One Pitcairn Place, Suite 2400
                                                165 Township Line Road
                                                Jenkintown, PA 19046
                                                Telephone:  (215) 609-1110
                                                Facsimile:     (215) 609-1117

                                                Attorneys for Defendant
                                                Central Transport International, Inc.

Dated: August 27, 2008

---

[2]    Mr. Nasso's subrogation "claims file" was marked in its entirety as Exhibit 4 to his deposition.  Included among the documents in that file was the Bill of Lading.

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on August 27, 2008, a true and correct copy of the foregoing Defendant's Concise Statement of Facts in Support of Its Motion for Partial Summary Judgment was filed electronically. Notice of this filing will be sent to the following counsel, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> James J. Ruddy Esquire
> McDermott & Radzik, LLP
> Wall Street Plaza
> 88 Pine Street
> New York, NY 10005

By: /s/Charles L. Howard
    Charles L. Howard